P. J. E. Clementson *vs.* Minnesota Tribune Company.

January 23, 1891.

**Libel in Newspaper—Notice before Suit, when Necessary—Pleading.**
In an action for the publication of a libel in a newspaper it is not necessary, in order to recover "actual" damages, to allege service upon the publishers of the paper of the notice provided for in Laws 1889, *c.* 131.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hooker,* J., presiding, sustaining a demurrer to the complaint in an action to recover $25,000 damages for an alleged libel published in defendant's newspaper, of which amount the sum of $5,000 was claimed (under proper averments) as special damages for injury to plaintiff's business.

*O. Mosness,* for appellant.

*Rea, Miller & Torrance,* for respondent.

Mitchell, J.[1] This was an action for damages for the publication of a libel in a newspaper, in which the plaintiff alleges and claims in his complaint actual, or, as they are sometimes termed, "special," damages — that is, damages pecuniary in their nature,— and also general damages—that is, damages not pecuniary in their nature, such as to reputation, etc. The defendant interposed a general demurrer that the complaint did not state a cause of action, the ground of the objection to it being that it did not allege the service before suit of notice on the publishers of the newspaper, specifying the statements in the libellous article alleged to be false and defamatory, as provided by Laws 1889, *c.* 131. The trial court sustained the demurrer, and from this order plaintiff appealed.

Taking the first clause of this act by itself, and construing it literally, it would seem to sustain defendant's contention that in every case, regardless of the character of the damages sought to be recovered, such a notice must be served before any suit can be brought for the publication of a libel in a newspaper. But it is a cardinal rule of construction that the whole statute must be taken and construed

[1] Vanderburgh, J., took no part in this case.

together. The intention of the legislature is the important thing to be ascertained, and, in order to arrive at this, we are to look at the object sought to be attained, as well as the means to be employed. And while it is no doubt true that if the language of a statute is plain and unambiguous, (at least, if its literal expression leads to no unjust or absurd consequences,) there is no room for construction or interpretation, yet it is also true that where a close or literal construction of a loosely-worded enactment would lead to unreasonable or absurd consequences, and the act is also fairly susceptible of another construction, the latter is to be adopted, although not a literal but a liberal one. As one author expresses it, whenever the intention can be discerned it ought to be followed with reason and discretion in its interpretation, although such construction may seem contrary to the letter. Now it is evident that the sole purpose of this statute in requiring notice to be served before suit is to give the publishers of the paper an opportunity to publish a retraction; and the only effect of the retraction, if made, in case it appears on the trial that the article was published in good faith, and that its falsity was due to mistake or misapprehension of the facts, is to prevent the recovery of general damages and limit it to actual damages. The retraction, if made, does not affect in the least the recovery of actual damages. So far as the right to recover such damages is concerned, the service of the notice referred to would be a mere idle and useless ceremony which the legislature cannot be presumed to have contemplated or intended. Hence, notwithstanding the general language of the first clause of the statute, yet, as it is only the right to recover general damages which the legislature was seeking to limit, and as the service of notice or a consequent retraction can have no possible effect upon the recovery of actual damages, it should be held that the provision as to the service of notice has reference only to a claim for damages of the former class. Hence, as this complaint states a cause of action for actual damages, it was good as against a general demurrer.

Counsel for appellant contends that, even as to a claim for general damages, no allegation of the service of notice is necessary, and suggests some practical difficulties in the matter of pleading in case it is held otherwise. There is some force in these suggestions, but we

think that on a fair construction of the statute it must be held that if a plaintiff desires to recover general damages, he must allege in his complaint service of the notice as provided by the statute. Such we think has been the general practice of the profession ever since this law was enacted.

Judgment reversed.

[1] Vanderburgh, J., took no part in this case.