• *In re* JOHANN JACOB SMITH'S ESTATE.

Argued Nov. 3, 1892. Decided Nov. 17, 1892.

Homestead Exemption—Out Lot.

"The *laid-out or platted portion* of an incorporated town, city, or village," as used in the homestead act, (1878 G. S. ch. 68, § 1,) refers only to that part which is laid out and platted for city or urban purposes, and not to land divided into large out or farm lots for rural or agricultural purposes.

Appeal by Mari Louise Smith, from an order of the District Court of Brown County, *Webber*, J., made September 26, 1891, affirming the order of the Probate Court of said County, made April 20, 1891, denying her petition.

Johann Jacob Smith died testate in Brown County on February 15, 1891. At the time of his death he was the owner of "Out lot No. 469," containing about four acres of land, in the city of New Ulm. This lot was and had been occupied for more than five years, as the homestead of deceased. Mari Louise Smith, the widow of deceased, petitioned the Probate Court of Brown County, to have set apart to her as her homestead, this out lot. The petition was denied, and the District Court, on appeal, affirmed the order, and remanded the case to the Probate Court for further proceedings. From this order, this appeal was taken.

*Lind & Hagberg*, for appellant.

There is no theory under which the appellant can be limited to a less area of land, as her homestead, than the out lot she now occupies and claims as such.

1878 G. S. ch. 68, § 1, means that in a city of less than five thousand inhabitants, the homestead is to be one lot, or if the lot is less

than one-half acre, then the exemption is to extend to a lot of that size. In other words, the half acre provision was intended as an extension, and not a limitation of the homestead right. This construction is in accordance with the spirit of the homestead laws. *Lundberg* v. *Sharvey*, 46 Minn. 350; *Campbell* v. *Adair*, 45 Miss. 170; *Cook* v. *McChristian*, 4 Cal. 24.

But if the court should hold otherwise, then we contend that this out lot is not "within the laid out or platted portion," of the city of New Ulm. Those words of the statute refer only to that portion of the city or village that is laid out and platted into village or city lots and blocks of the ordinary size, with streets and alleys. Prior to the passage of Laws 1875, ch. 66, the size of a homestead was determined by its location, whether within or without the *corporate limits* of a town, city or village. As the law now stands, the size is determined by its location within or without the *platted or laid out portions* of such town, city or village. The change is certainly restrictive as to the limits, and the words added must be given a meaning that will render them practical as well as effectual. *Mintzer* v. *St. Paul Trust Co.*, 45 Minn. 323.

The word "lot" is not synonymous with the words "tract" or "parcel." *Wilson* v. *Proctor*, 28 Minn. 13. There is a well-defined general idea of the size of a city "lot," while an out lot is generally understood to consist of an indefinite quantity of land, not exceeding ten acres, situated on the outskirts of a city or village.

*Francis Baasen*, for respondent.

It was the intention of the legislature to limit the extent of the homestead in the smaller municipalities to one-half acre of land. 1878 G. S. ch. 68, § 1. When this statute was passed, it was the custom in laying out new towns, to plat the land partly in lots of the ordinary size, and partly in undivided blocks or even larger tracts, to be subdivided thereafter as population increased. The legislature evidently had in view this custom, and provided for a limitation of the size of the lot in just such cases as this.

As to appellant's other point, respondent contends that all of the lands platted as the city of New Ulm, became by the platting, divested of their agricultural, and assumed a municipal character. To say

that a plat of land thus laid out, was partly laid out as a municipality, and partly as an agricultural part of a city, is absurd. Because the lot is larger than others, it is none the less "within the laid out or platted portion" of the city.

MITCHELL, J. This case illustrates the embarrassments that are liable to arise in construing the very crude provisions of our homestead exemption law.

The map and stipulation of facts contained in the settled case fully explains the situation. Some time prior to 1858 the German Land Association acquired title to some 5,000 acres of land where the city of New Ulm is now situated. The association executed and filed a plat of the land on which the central part of the tract was laid out into city or village blocks and lots of the ordinary size, each block being surrounded by streets and subdivided into lots, with alleys running through the blocks so as to give access to the rear of the lots, thus indicating that they were intended for strictly urban purposes.

The remainder of the land was divided into tracts containing from four to ten acres each. These "out lots," as they are termed in the stipulation of facts, were not subdivided. As a general rule, sufficient streets were laid out between them to give access to each, although a good many are inaccessible from any street. It is also stipulated that the business, and, as a rule, the resident, part of the city, is confined within the portion platted and laid out into blocks and lots, while the out lots are used for residence and agricultural purposes. This fact, however, has little or no bearing upon the legal question involved in the case.

The deceased at the time of his death owned and lived upon one of these out lots, containing four acres, using it for agricultural purposes. At that time the population of New Ulm was about 4,000. The question presented is whether the widow is entitled to the whole four acres, or to only one-half acre, as the homestead of her deceased husband. This, in turn, depends upon the question whether this four-acre tract is "within the laid-out or platted portion" of the city, within the meaning of 1878 G. S. ch. 68, § 1.

We have concluded, although with some hesitation, that it is not, and for the following reasons:

Our statutes, like those of most states, have always in some form made a distinction between rural and urban homesteads. Under the act of 1858, which remained in force until 1875, the distinction was made to rest arbitrarily upon the fact whether the land was or was not included within the boundaries of the municipality; if it was, the homestead was limited to one "lot;" if it was not, the limit was 80 acres. Evidently being of opinion that the distinction should be based upon the use, urban or rural, to which the property was appropriated, rather than upon the mere fact that it was situated without or within the municipal limit, the legislature enacted the present statute, which defines and limits the homestead as follows: "A quantity of land not exceeding *80 acres* * * * *not included in the laid-out or platted portion* of any incorporated town, city, or village, or * * * a quantity of land not exceeding in amount *one lot*, if, within the laid-out or platted portion of any incorporated town, city, or village having *over* five thousand inhabitants, or *one-half acre*, if within the laid-out or platted portion of any incorporated town, city, or village having *less* than five thousand inhabitants."

It will be observed—*First*, that where the land is not included in "the laid-out or platted portion" of an incorporated town, etc., the exemption extends to 80 acres, regardless of the population of the municipality within whose limits it may be situated; *second*, that where the land is included within the laid-out or platted portion of an incorporated town, etc., a distinction is made between cases where the population of the corporation is over, and cases where it is less than, five thousand,—in the former, the limit of the exemption being "one lot," while in the latter it is "one-half acre;" that is, in the former the exemption is limited to one lot according to plat, while in the latter, if the lots are less than one-half acre in size, the claimant is entitled to enough land to make up that amount. Two things are to our minds very clear: *First*, that the legislature intended to increase the area of the exemption in case of land situated in towns of less than 5,000 population over that allowed in towns of greater popula-

tion; and, *second*, and as a necessary inference, that the "lots" they had in mind were those of the ordinary sizes in plats laying out land for urban purposes, and which it is a matter of common knowledge generally, if not always, contain less than one-half acre. Consequently we arrive at the conclusion that "the laid-out or platted portion" of a town, city, or village, within the meaning of this statute, refers only to that portion which is laid out and platted for city or urban purposes, and not to land which is merely laid out for agricultural or rural purposes, or, in other words, merely subdivided into small farms or farm lots.

Tested by this rule, these "out lots" in New Ulm are not "within the laid-out or platted portion" of the city. The size of the lots and the plan of the plat conclusively show that they were designed for agricultural, and not urban, uses. It is true that they might be occupied for residences the same as a lot in the other part of the plat. But so can any farm, large or small; but this would be but ancillary to the use of the land as a farm, while in the case of a residence on an urban lot, the land is but ancillary to the convenient use of the dwelling. To hold that those out lots are "within the laid-out or platted portion" of a city, within the meaning of this statute, would lead to very unreasonable and absurd results. Suppose, for example, two tracts of land, one in a city of 200,000 people, and the other in some small country village, are each laid out into out lots, as in this case, of say 10 acres each, if these are to be held included in the laid-out or platted portion of the corporation, then in the large city the homestead claimant would be entitled to the whole 10-acre lot, while in the small village he would be entitled to only one-half acre. The fact that a particular construction would lead to an absurdity is doubtless not conclusive, especially in the case of a statute like this, but it is certainly a consideration entitled to much weight.

Had the deceased himself made a practical division of this land into separate lots or tracts, another question might have arisen.

Order reversed, and cause remanded for further proceedings in accordance with this opinion.

(Opinion published 53 N. W. Rep. 711.)