GEORGE W. MEAD v. JOHN Q. A. MARSH and Others.

November 22, 1898.

Nos. 11,234—(73).

Urban Homestead—Findings Supported by Evidence.

*Held,* that the evidence sustains the finding of fact and conclusion of the trial court to the effect that the tract of land claimed by the appellants as a homestead is urban in its character, and within the platted portion of the city of Mankato.

Appeal by defendants from an order of the district court for Blue Earth county, Quinn, J., denying a motion for a new trial. Affirmed.

*Fletcher & Taylor,* for appellants.

In order to be within the platted or laid-out portions of a city or town, within G. S. 1894, § 5521, the land itself must be platted or the owner must have done acts equivalent to laying out or platting. Mintzer v. St. Paul T. Co., 45 Minn. 323; Baldwin v.

Robinson, 39 Minn. 244. It must be platted into lots. The word "lot" is not synonymous with "tract" or "parcel," but means a village, city or town lot according to the plat of the village, city or town. Wilson v. Proctor, 28 Minn. 13; In re Smith's Estate, 51 Minn. 316. A homestead which has never been platted or laid out, subsequently brought within an incorporated village, city or town by legislative enactment, cannot be reduced in area by the laying out or platting of contiguous lands by others than the homestead claimant. Baldwin v. Robinson, supra; Kiewert v. Anderson, 65 Minn. 491. The value of the homestead and its uses are immaterial so long as it remains the place of residence of the debtor. Kelly v. Baker, 10 Minn. 124 (154); Umland v. Holcombe, 26 Minn. 286; Jacoby v. Parkland D. Co., 41 Minn. 227. The statutory test whether a tract is homestead is whether the tract is itself included within and is a part of that part of the municipality which is laid out or platted. National Bank v. Banholzer, 69 Minn. 24 (dissenting opinion); Baldwin v. Robinson, supra; Mintzer v. St. Paul T. Co., supra. The test applied in the opinion of the majority in National Bank v. Banholzer, supra, viz.: Whether the whole of the land was in the rural or urban portion of the city, overrules the earlier cases, and substitutes a new and uncertain test. The earlier construction had become a rule of property, and ought to be followed. In Heidel v. Benedict, 61 Minn. 170, and Ford v. Clement, 68 Minn. 484, the land was within the plat. But even the decision in the Banholzer case does not justify the court in diminishing the size of the homestead in controversy.

*A. R. Pfau* and *Lorin Cray*, for respondent.

START, C. J.

This action was brought by the plaintiff, as assignee in insolvency of John Q. A. Marsh, against him and his wife, to determine the area of their homestead. The here material facts, as found by the trial court, are these:

The defendants are husband and wife, and for the past 30 years have resided in a dwelling house on the premises in controversy, claiming them as their homestead. The title thereto was in the husband until after he made an assignment for the benefit of his

creditors, under the insolvency law of the state, to the plaintiff, on November 19, 1891. The property coming to the hands of the plaintiff as such assignee by virtue of such assignment is not sufficient to pay the debts of the assignor. After the execution and record of the deed of assignment, and on October 24, 1893, the premises were conveyed to the wife, the defendant Sarah J. Marsh. The premises consist of 1.69 acres of land in the city of Mankato, which contains a population of over 5,000 inhabitants, and constitutes one tract of land. It has never been platted, but, prior to the assignment, the land adjoining it for a distance of several blocks to the west, north and south had been laid out and platted by the owners thereof into lots, blocks, streets and alleys, and was quite thickly settled, having thereon dwelling and business houses. On the east of the tract is the railroad right of way, and adjacent thereto on the east is a low, marshy tract of land about 700 feet wide, which has never been platted, which with the right of way separates the premises in question from the principal and most thickly-settled portion of the city. The tract claimed as a homestead has never been used for agricultural purposes, but is clearly urban in its character. The laid-out lots adjoining it vary in size from 50 feet front by 140 feet deep, to 66 feet front by 170 feet deep; but the great majority of lots in the city are 66 feet in width by 157½ feet in length.

As conclusions of law from the foregoing facts, the court found that the defendant Sarah J. Marsh was entitled to select from the premises so conveyed to her a tract of land, including the dwelling house thereon, equal in area to one lot 66 feet in width and 157½ feet in length, and have judgment that she is the owner thereof, and that the plaintiff, as assignee, was the owner of the remainder of the premises, and ordered judgment accordingly. The defendants appealed from an order denying their motion for a new trial.

The appellants claim that the finding of fact by the trial court that the land in question was never used for agricultural purposes, but was clearly urban in its character, is not sustained by the evidence. The evidence shows that the city of Mankato was incorporated in 1868, and then included the land in question; that the land to the east of it across the marsh was platted in 1867, the

land on the south in 1857, on the north in 1871 and on the west in 1884. The evidence also tends to show that the defendants' land is situated in the part of the city known as West Mankato, and on West Front street. That this street crosses the marsh, and east of the marsh is known as Front street, which is the principal business street of the city. That the lots and blocks in the vicinity of this unplatted tract are many of them occupied with dwelling and business houses. The evidence also tends to show that the unplatted tract (which is 700 feet wide) to the east of the land in question, and which separates it from the platted portions of the eastern portion of the city, is too low and wet to be platted and utilized for residence lots.

Upon the whole evidence, we are of the opinion that it fairly sustains the finding and conclusion that the land claimed by the defendants as a homestead is urban in its character, and within the platted portion of the city, within the rule laid down in the case of National Bank v. Banholzer, 69 Minn. 24, 71 N. W. 919. Such being the case, the appellants were only entitled to hold as a homestead a tract equal in area to the average size of the platted lots in the city. Heidel v Benedict, 61 Minn. 170, 63 N. W. 490; Ford v. Clement, 68 Minn. 484, 71 N. W. 672.

No claim is made by appellants that the tract awarded to them as a homestead by the trial court was not equal in area to the average size of platted lots in the city of Mankato. This was all they were entitled to claim as a homestead, under the evidence and findings of fact in this case, and the rule of the Banholzer case, which is now the law of this state.

Order affirmed.

CANTY, J.

I am of the opinion that the trial court might well have found that the land in question was not within the urban portion of the city, but I cannot say that the evidence does not warrant the finding made.