## STATE EX REL. W. S. CHASE v. MINNESOTA TAX COMMISSION.[1]

December 22, 1916.

Nos. 20,040—(15).

**Taxation — assessment of unplatted real estate — construction.**

    1. The expression, "all unplatted real estate," as employed in chapter 483, Laws 1913, refers to and includes land which is adapted to and used for rural or agricultural purposes, and not to land within the limits of a city or village, though not a part of the platted portion thereof, which is used exclusively for urban purposes.

**Same — assessment of vacated urban property.**

    2. A small tract of land once within the plat of a subdivision of Minneapolis, but which was taken therefrom by a vacation of a part of the plat, and which is used exclusively for urban purposes, *held* properly taxed at the rate prescribed by said statute for platted real estate.

Upon the relation of W. S. Chase, the supreme court granted its writ of *certiorari* to review the action of the Minnesota Tax Commission in the matter of the application of relator for a reduction of the assessed valuation of real estate belonging to relator. Affirmed.

*W. S. Chase, pro se.*

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondent.

[1]Reported in 160 N. W. 498.

BROWN, C. J.

*Certiorari* to review the order and decision of the State Tax Commission classifying certain real property for the purpose of taxation.

The facts are short and as follows: Relator owns what formerly was a part of Jackson, Daniels & Whitney's platted addition to the city of Minneapolis, namely, a part of lot 6, and all of lots 7 and 8 in block 18 of that plat. The addition was duly laid out, and the plat filed in the office of the register of deeds of Hennepin county, in December, 1856; but all that part thereof which included this and some adjoining lots was vacated by decree of the court in September, 1867; and the land in question has not since then been included within that or any other plat, though it has been conveyed from time to time by the description given in and according to the old plat. The property is situated in the residential district of Minneapolis, is entirely surrounded by platted property, and is occupied by large apartment buildings.

By chapter 483, p. 710, Laws 1913, the legislature divided property, real and personal, for the purposes of taxation into four classes, 3 and 4 of which only are pertinent to the question here presented. Live stock, agricultural products, stocks and merchandise, manufacturers' material, all tools and machinery, "and all unplatted real estate, except as provided by class one," are placed in class 3, with a direction that each item be valued and assessed at 33 1-3 per cent of its true and full value. Class 4 is composed of all property not specified in either of the other classes, and includes, among other items of property, all platted real estate, and the assessment thereof is required to be at 40 per cent of the true value.

The property in question was assessed under the fourth class, as platted property, and at 40 per cent of its true value. On the claim that the property properly belonged to the third class an application for a reduction of the assessment was made to the county board and by that body favorably recommended to the state tax commission where it was heard and denied.

On its face and by its literal reading the statute classifies real property for the purposes of taxation into platted and unplatted land, without regard to the uses or purposes to which the same may be devoted. And if construed strictly, the contention of relator that the land in question is

properly assessable at the rate prescribed by the third class and as unplatted land would necessarily be sustained.  But such a construction leads to a palpable absurdity.  The land in question is within the city of Minneapolis and devoted and used for the same purpose as adjoining land which is contained within some official plat.  If the naked classification of platted and unplatted land controls the question of taxation of both, then this land is taxed at a lower rate than the adjoining land, when both are similarly situated and used.  Again it is a matter of common knowledge that, within the large cities of the state, parts of plats have been vacated in the interests of some manufacturing plant, or other like industry.  No reasons, sound or otherwise, can be given in support of a claim that the manufacturing concern should be taxed at a lower rate than adjacent residential platted property.  And it would be absurd to attribute to the legislature in the enactment of the statute a purpose or intention to bring about a result of that kind.  The situation thus presented is not only absurd but also an injustice to owners of other property similarly situated and used.  One manufacturing plant may be located upon a block of platted land, another upon an adjoining block, the plat of which may have been vacated.  Clearly the legislature did not intend to subject the two thus situated to a different basis of taxation.  In construing this statute, therefore, this absurd situation, resulting from the literal language of the law, must be avoided.  3 Dunnell, Minn. Digest, § 8947; State v. Small, 29 Minn. 216, 12 N. W. 703; Clementson v. Minnesota Tribune Co. 45 Minn. 303, 47 N. W. 781.  We think this may readily be done, without violence to the statute itself, or to any extent infringing upon the rule that a statute couched in plain and unambiguous language is not open to construction, but must be given effect in harmony with its plain terms.  State v. Rat Portage Lumber Co. 106 Minn. 1; 115 N. W. 162, 117 N. W. 922; 3 Dunnell, Minn. Digest, § 8938.  It is contended by the attorney general that the legislature made use of the particular language, and employed the expression "unplatted land," to distinguish between urban and suburban property and the uses to which each naturally is adapted, as agricultural and nonagricultural.  The tax commission adopted that view, and thereon based its conclusion in sustaining the assessment of this land as properly belonging to the class of platted urban property.  We sustain the commission in so holding, and in support

thereof direct attention to our homestead exemption statutes, which have been given substantially the same interpretation. In re Smith's Estate, 51 Minn. 316, 53 N. W. 711; National Bank of the Republic v. Banholzer, 69 Minn. 24, 71 N. W. 919; Mead v. Marsh, 74 Minn. 268, 77 N. W. 138. In each of those cases the quantity of land located within a city or village, held exempt as a homestead, was made to depend upon the question whether it was devoted to urban or rural purposes. And a quantity of land larger than that fixed by the statutes was held exempt because not urban in character or use, notwithstanding the fact that it was within the "laid out or platted portion" of the city or village in which it was situated. The soundness of the rule there applied has never been questioned by any later decision, and, to avoid a flagrant injustice and palpable absurdity, we follow and apply it to the statute involved in the case at bar.

The order of the tax commission under review will therefore be in all things sustained.