IN THE MATTER OF PROCEEDINGS TO ENFORCE PAYMENT OF TAXES ON REAL ESTATE REMAINING DELINQUENT ON THE FIRST MONDAY IN JANUARY, 1920, FOR THE COUNTY OF RAMSEY, STATE OF MINNESOTA.

JOHN E. STRYKER, OBJECTOR.[1]

June 24, 1921.

No. 22,335.

Taxation — rate of assessment — case limited.

The land involved in this proceeding, though within the boundaries

[1]Reported in 183 N. W. 671.

of the city of St. Paul, but in the outskirts thereof and unplatted, *held* assessable for taxation under G. S. 1913, § 1988, at 33⅓ per cent of its true value.   State v. Minn. Tax Commission, 135 Minn. 205, limited.

In the above entitled matter the owner filed objections in the district court for Ramsey county.   The matter was heard by Michael, J., who made findings sustaining his objections and ordered that the assessment on the real estate be reduced from 40 to 33⅓ per cent of its value, and reduced the tax in accordance therewith.   The motion of the state to amend the findings was denied.   From the order denying its motion for a new trial, the state appealed.   Affirmed.

*Egbert S. Oakley,* Assistant Attorney General, *Richard D. O'Brien,* County Attorney, and *Harry H. Peterson,* Assistant County Attorney, for the state.

*John E. Stryker,* pro se.

BROWN, C. J.

The sole question presented in this proceeding is whether the real property involved should be assessed for taxation under the provisions of G. S. 1913, § 1988, as urban platted property and at 40 per cent of its true value, or as unplatted and at 33⅓ per cent of such value, within the meaning of the statute as construed and applied in State ex rel. Chase v. Minn. Tax Commission, 135 Minn. 205, 160 N. W. 498.   The trial court held that it belonged to the suburban class, to be taxed accordingly.   The state appealed from an order denying a new trial.

The facts are not in dispute.   The property in question, a tract of about 9 acres, lies within the municipal boundaries of the city of St. Paul, at the southwest corner thereof a mile or so north of Fort Snelling.   It is unplatted and is entirely surrounded by unplatted land.   The territory adjoining is sparsely settled, only two or three dwellings being within a half or three quarters of a mile.   Defendant has a dwelling and other suitable buildings thereon and it constitutes his home.   He keeps a cow and a horse and some chickens.   Part of the land is set apart as a pasture for the cow, the balance, except that which is occupied as a site for the buildings, is devoted to gardening, corn, potatoes

and other vegetables being raised, producing feed for the horse, cow and chickens, and vegetables enough to supply the household for the year. The land is located some 6 miles from the center of the city activities, has no city water, sewer, sidewalks, lights or police protection, such as is afforded and supplied to the built-up parts of the city. In short the land stands isolated from all city advantages, is not urban either in character or use, beyond the fact that the building thereon is occupied as a residence, and the land is devoted generally to such purposes as similarly situated unplatted suburban land naturally is adapted.

On these facts, which as stated are not in dispute, we conclude that the rule of the Chase case does not apply. The facts in the two cases are essentially different. The decision of the trial court should therefore be sustained. We do not think the value of the property in controversies of the kind should be given any special significance or effect. Being unplatted in fact, the question whether the land is taxable as platted property must be determined from considerations similar to those controlling the decision in the Chase case, which should not be extended to facts like those at bar.

Order affirmed.