# IN RE PETITION OF LEE DeGRISELLES FOR DETACHMENT OF AGRICULTURAL LAND. CITY OF PIPESTONE, APPELLANT.[1]

March 11, 1932.

No. 28,863.

*M. J. Meeker,* for appellant.
*Evans & Evans,* for respondent.

LORING, J.

This was a proceeding to detach 105 acres of land from the city of Pipestone. The petitioner's land is used exclusively for agricultural purposes, but part of it is subdivided into three lots of ten, eight, and ten acres each. Other lots of similar character are included in the plat which subdivided a part of the tract here involved. There is a substantial area of unplatted land between petitioner's property and the built up part of the city. Two of petitioner's lots are 330 feet wide, and the third is 284 feet wide. They are all 1,320 feet long. The rest of petitioner's property has never been subdivided. The trial court ordered the land detached, and the sole question raised by appellant city is whether the lots in question constitute platted land within the meaning of G. S. 1923 (1 Mason, 1927) § 1720, which authorizes the detachment of areas of more than 40 acres of unplatted agricultural lands from cities of less than 10,000 inhabitants.

[1]Reported in 241 N. W. 590.

We are of the opinion that the word "unplatted" as used in that statute was intended by the legislature to describe lands not platted for urban purposes. The mere fact that land, used and suitable only for exclusively agricultural purposes has been subdivided by a plat into tracts of eight or ten acres suitable for certain types of rural agriculture does not make it platted land in the urban sense. We think it quite apparent that the legislature was using the word platted or "unplatted" in the urban sense of the word where lots are platted of suitable size for city or town purposes. In this view we are supported by In re Smith's Estate, 51 Minn. 316, 53 N. W. 711, in which Mr. Justice Mitchell, for homestead purposes, distinguished between rural property, where the buildings were ancillary to the use of the land, and urban property, where the land is ancillary to the use of the buildings. See also National Bank v. Banholzer, 69 Minn. 24, 71 N. W. 919; and State ex rel. Chase v. Minn. Tax Comm. 135 Minn. 205, 160 N. W. 498. We are disposed to follow that rule in construing the statute now before us. Any other would lead to absurd results.

The judgment is affirmed.