# LORING M. STAPLES v. STATE.[1]

March 2, 1951.

No. 35,339.

*Faegre & Benson* and *Loring M. Staples,* for appellant.

[1] Reported in 46 N. W. (2d) 651.

*Michael J. Dillon,* County Attorney, and *Frank J. Williams* and *Edward J. Shannon,* Assistant County Attorneys, for the State.

THOMAS GALLAGHER, JUSTICE.

These proceedings arise out of a petition by Loring M. Staples for a review of the classification and assessment for purposes of the 1948 real estate taxes on certain real property constituting his homestead situated in the town of Minnetrista near Lake Minnetonka in Hennepin county. Judgment was entered in the district court of Hennepin county upholding the classification of the property by the township assessor as *nonrural* and *nonagricultural* and its assessment on that basis.

It is petitioner's contention that this real estate is rural in character and devoted or adaptable to rural use, as provided in M. S. A. 273.13, subd. 6, class 3b,[2] and subd. 4, class 3,[3] and further that it is agricultural land as provided in § 127.05, subd. 1,[4] and therefore should have been assessed in accordance with the more favorable provisions applicable to rural and agricultural lands in the statutes referred to.

In its findings the trial court determined that:

"* * * petitioner's property together with adjoining properties

[2]"All real estate which is rural in character and devoted or adaptable to rural but not necessarily agricultural use, * * * shall constitute class three 'b' and shall be valued and assessed at 20 per cent of the full and true value thereof. If the full and true value is in excess of the sum of $4,000, the amount in excess of that sum shall be valued and assessed as provided for by class 3."

[3]"* * * all real estate which is rural in character and devoted or adaptable to rural but not necessarily agricultural use, * * * shall be valued and assessed at 33 1/3 per cent of the full and true value thereof."

[4]"The rate of taxation of agricultural lands for school maintenance * * * shall not exceed by more than ten per cent the average rate for school maintenance on similar lands in common school districts of the same county; * * * nor shall such rate exceed one-half the rate for school maintenance on non-agricultural lands in the same school district or unorganized territory in counties having less than 20 common school districts."

on the shore of Lake Minnetonka and most other properties on and along the entire shore of said lake both within and without the incorporated municipalities have common characteristics in that they are used primarily for residential purposes by persons who are engaged in city pursuits and are therefore *urban* rather than *rural* in character and use."

· And that petitioner's property is not "rural in .character and devoted or adaptable to rural but not necessarily agricultural use," and is not used primarily for the purpose of agriculture. (Italics supplied.)

This appeal is from the judgment subsequently entered in favor of the state against petitioner for the 1948 taxes based upon the findings above described.

The record discloses that this real estate is an unplatted 40-acre tract some 23 miles from Minneapolis on trunk highway No. 7 near Lake Minnetonka and adjacent to Carver county. A large house, a garage and caretaker's quarters, and a combination potting shed, greenhouse, and barn are located thereon. Petitioner, an attorney practicing in Minneapolis, occupies the house as his residence.

At the assessment date, the buildings and incidental gardens or lawns adjacent thereto comprised four or five acres of the land. A small orchard covered a portion thereof. A substantial part of the remainder was used for growing vegetables, flowers, and trees on a noncommercial basis. The remainder, including some woods thereon, was used for the purpose of raising about 400 chickens and as pasturage for four sheep and for petitioner's three riding horses.

Petitioner gave testimony that during World War II he raised a substantial number of hogs, sheep, steers, and a flock of about 1,100 chickens on this property, although his activities in this respect had been curtailed subsequent to the end of hostilities. He testified that in the near future he contemplates raising sheep there on a more extensive scale than at present. He has never

treated the property as a farm for income tax purposes, and no record of income from agricultural products is kept.

Petitioner's house faces Lake Zumbra in Carver county, but the property has no lake frontage thereon. It does have about 218 feet of Lake Minnetonka frontage partially barred by a road and not used to any great extent. The nearest town is four or five miles distant. Petitioner has no fire or police protection for his property, except as obtained by private contract with nearby municipalities, and no public sewer, water, or sidewalk maintenance therefor.

The Carver county properties adjacent to this property are all used as farms and classified as agricultural lands. The properties located in Hennepin county adjacent to petitioner's lands are used only for residential purposes by their owners, who travel to and from their occupations in Minneapolis. They have all been classified as "nonrural" and "nonagricultural," the same as petitioner's property. Two Hennepin county properties not too far distant—the Tuttle farm and the Boulder Bridge farm—where extensive farming operations are conducted, are still classified as rural and agricultural.

We are of the opinion that under M. S. A. 273.13, subd. 6, class 3b, and subd. 4, class 3, petitioner's property should have been classified as rural in character and devoted or adaptable to rural though not necessarily agricultural use. It is significant that these sections of the statute do not require that the land be *devoted* to rural or agricultural use. It is sufficient thereunder if the property be *rural in character and adaptable to rural though not necessarily agricultural use.*

Many factors must be given consideration in determining what constitutes land rural in character and adaptable to rural use. To some extent, the location of the property and its general surroundings are material. The specific use to which it is devoted is important. If the land partakes of the character of city property and is occupied for residential purposes only by persons

engaged in city pursuits, for tax purposes the property may well be regarded as urban, even though its location be some distance from a city. On the other hand, where it is in the general neighborhood of farms, where it is devoted to rural rather than urban uses, or is readily adaptable to rural though not necessarily agricultural uses, it should be classified as rural; and this is true even though the property be within the corporate limits of a municipality. In re Delinquent Real Estate Taxes, 149 Minn. 335, 183 N. W. 671.

In the instant case, were petitioner's utilization of his property limited to residential purposes, we would not hesitate to hold its classification as nonrural essentially correct. However, his usage thereof extended far beyond such limitation. As indicated, during the past 10 years, a large portion thereof has been devoted to the raising of cattle, hogs, chickens, and sheep, as well as potatoes, garden truck, alfalfa, and some grain. At the time of the assessment, while some of the foregoing activities had been curtailed, the property was still in use for raising chickens, trees, garden produce, and a few sheep. Other properties adjacent thereto classified as urban were strictly limited to residential usage by the owners thereof, who did not engage in the extra activities pursued by petitioner in the use of his property. Based upon such usage, as well as the property's location, it is our opinion that it comes within the definition of rural lands covered by § 273.13 and hence is entitled to the preferential treatment provided for this class of property in subd. 6, class 3b, and subd. 4, class 3, thereof.

■ M. S. A. 127.05, subd. 1, extends the tax limitations specified therein for school maintenance purposes strictly to "agricultural lands." It was enacted subsequent to this court's decision in State ex rel. Chase v. Minnesota Tax Comm. 135 Minn. 205, 160 N. W. 498, and Stees v. Bergmeier, 91 Minn. 513, 98 N. W. 648, construing the general classification law. The words "agricultural lands" were deliberately inserted therein by the legislature rather than "rural" or "unplatted" lands as specified in prior acts of general taxation.

In contrast to § 273.13, § 127.05, subd. 1, does not extend its applicability to lands *agricultural in character or adaptable to agricultural use* as does § 273.13 in its reference to *rural* lands. It is reasonable to hold, for this reason, that to come within the classification "agricultural lands" as provided therein, a property must be essentially and primarily in use for agricultural purposes at the time of the assessment.

Petitioner does not claim to have been operating the property strictly on an agricultural basis, commercial or otherwise, at the time the classification and assessment for the 1948 taxes were made. We are of the opinion that, since petitioner's property was not in active use for agricultural purposes at that time, it could not be said then to have been *agricultural land* and within the provisions applicable thereto under § 127.05, subd. 1, even though at that time it was real estate rural in character or adaptable to rural though not agricultural uses under § 273.13, subd. 6, class 3b, and subd. 4, class 3.

Reversed and remanded for further proceedings consistent with this opinion.

MR. CHIEF JUSTICE LORING and MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.