**Preston MADDOCKS, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CORPORATION, et al., Defendants and Respondents.**

**No. 19916.**

Supreme Court of Utah.

Aug. 6, 1987.

---

**3.** *Id.* at 1480.

M. David Eckersley, Salt Lake City, for plaintiff and appellant.

Greg R. Hawkins, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

Plaintiff alleges that he was wrongfully arrested by three Salt Lake police officers, one of whom unlawfully beat him while the others failed to intervene. The arrest took place on May 8, 1981. Plaintiff filed a notice of claim on March 15, 1982, with Salt Lake City. The City rejected the claim on November 16, 1982, after the ninety-day period had run. *See* Utah Code Ann. § 63–30–14 (1986) (governmental entities must notify claimants of resolution of their claim within 90 days of the filing of claim or claim is deemed denied at end of 90–day period). The trial court reasoned that the one-year filing period began to run at the end of the ninety-day period, June 15, 1982, and therefore expired on June 15, 1983. *See Cornwall v. Larsen,* 571 P.2d 925, 926 (Utah 1977). Plaintiff filed a complaint against Salt Lake City and the individual officers on June 13, 1983, and an amended complaint on November 1, 1983. The amended complaint alleged three counts: a violation of the Federal Civil Rights Act, 42 U.S.C.A. § 1983 (1981); sundry intentional torts committed by the arresting officer; and negligence on the part of the officers who failed to intervene in the beating.

A district court judge granted summary judgment to the City and to the individual defendants pursuant to Utah Rule of Civil Procedure 56(c). Plaintiff challenges that ruling. We agree with plaintiff that summary judgment should not have been granted on all the claims.

*The Federal Civil Rights Claim*

■ The district court judge rejected the federal civil rights claim brought under 42 U.S.C.A. § 1983 (1981) against the City and the individual defendants. The judge's memorandum decision appears to have dismissed the civil rights claim on the basis that the claim against the City was barred by the Utah Governmental Immunity Act and that the claims against the individual officers were barred by the two-year statute of limitation contained in Utah Code

Ann. § 78–12–28 (1987).[1] On appeal, Salt Lake City does not rely on the argument that the federal civil rights cause of action is barred by the Governmental Immunity Act; rather, the City appears to argue that the two-year statute of limitation in section 78–12–28(1) applies.[2]

Since this case was heard by the district court, the United States Supreme Court has ruled that the applicable statute of limitation under section 1983 is that for personal injury cases under the law of the state where the section 1983 action is brought. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Utah, that period is four years. *Mismash v. Murray City,* 730 F.2d 1366 (10th Cir. 1984), *cert. denied,* 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985); Utah Code Ann. § 78–12–25(2) (1987).

*The Negligence Claim*

Salt Lake City argues that the statute of limitation barred defendant's claims against the individual officers. *See* Utah Code Ann. § 78–12–28(1) (1987) (providing a two-year statute of limitation for actions against sheriffs and other officers for liability incurred through the omission of an official duty). Under the City's argument, the claim, which was filed approximately two years and one month after the arrest, was untimely. Plaintiff contends that section 78–12–28(1) was amended by implication when Utah Code Ann. § 63–30–4 (1986) became effective. Section 63–30–4 provides:

(3) The remedy against a governmental entity or its employee for an injury caused by an act or omission which occurs during the performance of such employee's duties, within the scope of employment, or under color of authority is, after the effective date of this act, exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or the estate of the employee whose act or omission gave rise to the claim, unless the employee acted or failed to act through fraud or malice.

(4) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee may be held personally liable for acts or omissions occurring during the performance of the employee's duties, within the scope of employment or under color of authority, unless it is established that the employee acted or failed to act due to fraud or malice.

■ We agree with plaintiff that section 63–30–4 applies, but find that it bars the negligence claims against the individual officers. In *Madsen v. Borthick,* 658 P.2d 627 (Utah 1983), we interpreted essentially the same statutory language[3] and held:

[Section] 63–30–4 precludes personal liability of a government employee for acts or omissions occurring during the performance of his duties, unless the employee "acted or failed to act through gross negligence, fraud or malice."

The second ... paragraph of § 63–30–4 reaffirms that the employee will not be personally liable unless he or she acted or failed to act due to gross negligence, fraud, or malice. The second paragraph also authorizes the employee to be joined in a representative capacity

1. After this action was filed, the Utah legislature amended section 78–12–28 to specifically apply a two-year statute of limitation to § 1983 actions. Utah Code Ann. § 78–12–28(3) (1987). The amendment does not, however, apply in this action because the amendment is applicable only to causes of action arising after April 27, 1987. 1987 Utah Laws. ch. 19, § 6. We leave the validity of that restriction for later adjudication.

2. Salt Lake City's arguments on this point are contradictory. Salt Lake City specifically states that "[p]laintiff's brief ... tries to give the impression that the City is claiming the Governmental Immunity Act somehow limits the federal civil rights act. The City is claiming just the opposite." Elsewhere in its brief, however, the City asserts that "Counts I [the section 1983 claim] and II [the intentional torts claim] clearly state causes of action for which the City is immune under state law."

3. In 1983, the legislature deleted "gross negligence" from the list of conduct for which personal liability was retained and made minor form changes. 1983 Utah Laws 129, § 3.

in an action against the governmental entity, but only where the act or omission "is one for which the governmental entity may be liable" under the Governmental Immunity Act.

*Id.* at 633; *see also Doe v. Arguelles,* 716 P.2d 279, 283 (Utah 1985). Plaintiff does not allege that the officers acted with fraud or malice and is indeed adamant in characterizing the claim as one for simple negligence.[4]

■ Further, we agree with the district court judge that the negligence claim against Salt Lake City is barred by the Governmental Immunity Act. Plaintiff's phrasing of the claim against Salt Lake City as one for negligence does not bring it within the category of claims for which immunity is waived. Utah Code Ann. § 63–30–10 (1986) waives governmental immunity "for injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." Immunity is, however, restored for negligent acts arising out of "assault, battery, false imprisonment [or] false arrest." Utah Code Ann. § 63–30–10(1)(b) (1986). We think that plaintiff's negligence claim arises out of battery and false imprisonment and is therefore not the sort of claim for which immunity has been waived. *See Sheffield v. Turner,* 21 Utah 2d 314, 445 P.2d 367 (1968) (a prisoner's suit based on negligent supervision of other prisoners was barred, in part, because the injury arose out of "incarceration in a state prison," another category of negligent claims for which immunity is retained).

We therefore affirm the dismissal of plaintiff's negligence claim and reverse the dismissal of his section 1983 claim, remanding the case for trial on that claim.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.

---

4. Plaintiff sued the officer who he claims beat him, alleging causes of action for battery, false imprisonment, and abuse of process; he accused that officer of malice. Plaintiff, however, did not appeal the dismissal of that count of his complaint.