**Donald PETERSEN, Plaintiff and Appellee,**

v.

**BOARD OF EDUCATION OF DAVIS COUNTY SCHOOL DISTRICT, a body corporate, Alemo Teo, an individual, and John Does I–V, individuals, Defendants and Appellant.**

No. 920143.

Supreme Court of Utah.

May 18, 1993.

Rehearing Denied June 28, 1993.

Steven B. Smith, Salt Lake City, for Petersen.

R. Paul Van Dam, Att'y Gen., Brent A. Burnett, Asst. Att'y Gen., Salt Lake City, for Davis County Bd. of Educ.

PER CURIAM:

Plaintiff Donald Petersen sued defendant Alema Teo and his employer, the Davis County Board of Education (the Board), for Teo's assault and battery on Petersen. The Board moved to dismiss the action against it on grounds of governmental immunity. The trial court denied the motion, and the Board sought an interlocutory appeal. We granted the appeal and now reverse and direct the trial court to dismiss the case against the Board.

We accept the facts as they are alleged in Petersen's complaint. Shortly before the end of a basketball game between Woods Cross and Bountiful High Schools, Teo, the announcer for the school game, and Scott Rodrick, a spectator, engaged in an altercation. Petersen attempted to intervene and was struck by Teo on the side of the head and knocked unconscious.

Petersen sued, alleging that the Board was negligent in hiring and retaining Teo, in preventing or not intervening in the assault and battery, and in failing to provide adequate security. Petersen admitted that the challenged actions of the Board were governmental functions but argued that the injury did not result from assault and battery, for which governmental immunity has been expressly retained,[1] but from the Board's negligence in hiring and supervising Teo. As stated above, the Board moved to dismiss the case against it, and the trial court denied the motion. This interlocutory appeal followed.

■ The issue before us, the trial court's denial of the Board's motion to dismiss the case against it on grounds of governmental immunity, is one of law, which we review for correctness without deference to the trial court's ruling. *Estate Landscape v. Mountain States Tel. & Tel.*, 844 P.2d 322 (Utah 1992) (using same standard of review for denial of motion for summary judgment).

The Board urges us to focus our inquiry, not on the type of negligence that led to Petersen's injury, but on the act that caused his injury. We faced similar issues in *Ledfors v. Emery County School District*, 849 P.2d 1162 (March 19, 1993), and *Higgins v. Salt Lake County*, 855 P.2d 231 (1993). In *Ledfors*, the plaintiff was beaten by two students during physical education class while the teacher was away. The plaintiffs sued the students for battery and the school district for negligence in failing to supervise their son's class, arguing that their son's claim resulted not from the battery but from the school's breach of its duty to supervise and protect minor students in public schools. In *Higgins*, the plaintiff's daughter was stabbed by a paranoid schizophrenic, a patient under the care of Salt Lake County. Higgins alleged that the County had a duty to protect her

---

1. Utah Code Ann. § 63–30–10(2) (1990) provides:

   Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of employment except if the injury arises out of:

   ...;

   (2) assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights.

daughter from a potentially dangerous mental patient. Higgins alleged negligence on the part of the mental health facilities in treating and diagnosing the patient and in failing to admit her into a resident treatment program. In both cases, we held that the government defendants were immune under the assault and battery exception found in section 63–30–10(2).

Plaintiff argues that this case should not be governed by *Maddocks v. Salt Lake City Corp.,* 740 P.2d 1337 (Utah 1987), where the issue of negligent hiring was not raised. As noted below, that distinction is. not pivotal to the outcome of this case. In *Maddocks,* the plaintiff sued the city for alleged beatings administered by police officers who were city employees, and this court stated that the "plaintiff's negligence claim arises out of battery and false imprisonment and is therefore not the sort of claim for which immunity has been waived." *Id.* at 1340.

 The rationale in *Ledfors* and *Higgins* is dispositive here. As noted in *Ledfors,* we examine governmental immunity by a three-step analysis: (1) Did the Board here perform a governmental function? (2) If so, does some section of the governmental immunity act waive the general immunity granted by section 63–30–3? (3) Does the governmental immunity act nonetheless except from that waiver of blanket immunity the particular claim asserted here? 849 P.2d at 1166.

■ Ordinarily, before reaching the question of waiver, we begin our analysis by inquiring whether a relationship gives rise to an affirmative duty to control another. *Higgins,* at 239 n. 6, and cases cited there. But where, as here, the question of governmental immunity is so clearly decided by our recent cases of *Ledfors* and *Higgins,* we proceed directly to the question of governmental immunity, without deciding whether the Board owed a duty to Petersen.

■ As we held in *Ledfors* and *Higgins,* section 63–30–10(2) by its plain language preserves immunity for negligence that re-

sulted in an "injury [that] arises out of ... [an] assault [or] battery." *Higgins,* at 240; *Ledfors,* 849 P.2d at 1166. As we explained in *Ledfors:*

> [W]e have always looked only at the cause of the injuries, not at the status of the injurer ... [and] have rejected claims that have reflected attempts to evade these statutory categories by recharacterization of the supposed cause of the injury.

849 P.2d at 1166.

We hold that Petersen's action is governed by *Ledfors* and *Higgins* and is therefore barred by section 63–30–10(2). We remand the case to the trial court with direction to dismiss the action against the Board.

STEWART, J., concurs in the result.