17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary G. TARLIP, George Gines, Plaintiffs-Appellants,
v.
Perry BUCKNER, individually and in his official capacity
acting as a defective, et al., Defendant-Appellee,
and
SALT LAKE COUNTY SHERIFF'S OFFICE, as an agency of the state
of Utah, Defendant.
 No. 93-4109.
 United States Court of Appeals, Tenth Circuit.
 March 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mary Tarlip and George Gines, appearing pro se, appeal from the district court's dismissal of their 42 U.S.C.1983 complaint based upon the recommendation of the United States magistrate judge. The petitioners contend that they were unlawfully arrested when defendant Buckner and other peace officers illegally entered their residence on July 6, 1990, pursuant to a "no knock" search warrant issued by defendant Judge Floyd Gowans. They contend that their arrest for manufacturing, distributing and possession of methamphetamine under color of Utah law was in violation of their Fourth, Thirteenth and Fourteenth Amendment rights and that they were deprived of liberty and property without due process of law in violation of the Fourth and Fourteenth amendments to the United States Constitution. They alleged that because there were no injunctions or restraining orders prohibiting them from manufacturing, distributing or possessing methamphetamine, their arrest was unconstitutional, Appellants' Opening Brief, p. 6, and further that they were "... not prohibited by state or federal law from manufacturing, distribution nor the possession of methamphetamine." Id. at p. 4.
 
 
 3
 The magistrate judge recommended that the plaintiffs' complaint be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) because any claims arising from the July 6, 1990, search are barred by the Utah statute of limitations which expressly provides for a two-year limitation period for offenses arising under 42 U.S.C.1983. (R., Vol. I, Tab 16, pp. 8-9). Utah Code Ann. 78-12-28(3) (1992); accord Arnold v. Duchesne County, 810 F.Supp. 1239 (D. Utah 1993). Here, appellants' claims accrued on July 6, 1990, when they knew of the alleged injuries. See Johnson v. Johnson County Commission, 925 F.2d 1299 (10th Cir.1991).
 
 
 4
 The plaintiffs' complaint was filed on July 15, 1992, more than two years following their alleged injuries. At the time of filing, Mary Tarlip was incarcerated at the Federal Correctional Institution at Pleasanton, California, while George Gines was incarcerated at the Federal Correctional Institution at Littleton, Colorado.
 
 
 5
 On appeal, appellants do not address the jurisdictional issue, except to argue that because their 1983 complaint was mailed to the Clerk of Court on June 26, 1992, and received on June 29, 1992, it should have been deemed filed on June 29, 1992. However, the complaint was not accompanied by the filing fee or with an application to proceed in forma pauperis. The plaintiffs failed to apply for leave to proceed in forma pauperis until July 15 and 28, 1992, when their motions were granted.
 
 
 6
 Plaintiffs-appellants also alleged that only the Utah state courts had jurisdiction and that their prosecution in federal court was a violation of their civil rights. We agree with the magistrate judge that this allegation is frivolous in that the plaintiffs could be prosecuted in both the federal and state jurisdictions without violating double jeopardy standards. United States v. Maxwell, 966 F.2d 545, 549 (10th Cir.1992), cert. denied, U.S. (1992); United States v. Williams, 963 F.2d 1337 (10th Cir.1992).
 
 
 7
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470