Unified Judicial System

 

 
 
Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
DE SMET INSURANCE CO. OF SOUTH DAKOTA 
Plaintiff and Appellant, 
v. 
MATTHEW GIBSON and LANCE GIBSON, 
Defendants and Appellees. 
South Dakota Supreme Court
Appeal from the Seventh Judicial Circuit, Pennington County, SD Hon. Jeff W. Davis, Judge
#19300 - Reversed 
Steven J. Helmers, Lynn, Jackson, Shultz & Lebrun, Rapid City, SD
Attorneys for Plaintiff and Appellant. 
Timothy L. Thomas, Morrill, Brown, Thomas & Nooney, Rapid City, SD
Attorneys for Defendants and Appellees. 
Argued Feb 13, 1996; Opinion Filed Aug 14, 1996 
KONENKAMP, Justice. 
[Â¶1] Insurer brought a declaratory action seeking to enforce its resident family member exclusion as applied to the policy's uninsured motorist coverage. The circuit court proclaimed the exclusion void as against public policy. We reverse. 
Facts 

[Â¶2] De Smet Insurance Company of South Dakota insured a 1992 Pontiac Grand Prix involved in an accident on October 8, 1994. Shayne Gibson, the named insured, was driving, and his brothers, Matthew and Lance, were passengers. Shayne was killed. Matthew and Lance claim injuries resulting from their deceased brother's negligence. De Smet sought declaratory relief to determine its obligations under the policy. 
[Â¶3] The policy's liability section excludes "'bodily injury' to any person injured while operating 'your covered auto' or for 'bodily injury' to any 'family member.'" This clause validly bars liability coverage for the claims brought by Matthew and Lance, because they are "family members," as defined in the policy: "a person related to you by blood, marriage, or adoption who is a resident of your household." See SDCL 32-35-70 (authorizing such exclusions in liability coverage). By reason of this exclusion, Matthew and Lance contend the vehicle in question was an "uninsured motor vehicle" as to them. With respect to uninsured motorist protection, the policy states in relevant part: 

[De Smet agrees to] pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of bodily injury ... [s]ustained by an "insured;" ... The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle." 
Nevertheless, De Smet's uninsured motorist coverage also excludes resident family members: the term "uninsured motor vehicle" excludes a vehicle "[o]wned by or furnished or available for the regular use of you or any 'family member.'" 
[Â¶4] In granting summary judgment against the insurer, the trial court found the exclusionary language in the uninsured motorist section void as a matter of public policy because the uninsured motorist statute fails to expressly permit such exclusion. We consider the following issue: 

Will an exclusion from uninsured motorist coverage for injuries to resident family members in a family owned vehicle violate public policy, when a statute authorizes insurance policies to exclude such claims from liability coverage? 
Standard of Review 
[Â¶5] When reviewing summary judgments we decide only whether genuine issues of material fact existed and whether the law was correctly applied. If any legal basis to support the court's ruling emerges, we will affirm. Garrett v. BankWest, Inc., 459 NW2d 833, 837 (SD 1990); Pickering v. Pickering, 434 NW2d 758, 760 (SD 1989). With the material facts undisputed, our review is limited to determining whether the trial court correctly applied the law. Insurance contract interpretation is a question of law, reviewable de novo. State Farm Mut. Auto. Ins. Co. v. Vostad, 520 NW2d 273, 275 (SD 1994). Uninsured motorist statutes are construed liberally in favor of coverage. Issac v. State Farm Mut. Auto. Ins. Co., 522 NW2d 752, 755 (SD 1994); Clark v. Regent Ins. Co., 270 NW2d 26, 29 (SD 1978). The intent behind uninsured motorist statutes is to protect the insurance consumer, not the policy vendor. Kremer v. American Family Mut. Ins. Co., 501 NW2d 765, 768 (SD 1993). 
Analysis 
[Â¶6] In 1992, this Court pronounced "household exclusions" in automobile liability policies invalid as violative of public policy. Cimarron Ins. Co. v. Croyle, 479 NW2d 881, 884 (SD 1992). The Legislature immediately responded by amending South Dakota's financial responsibility law (SDCL 32-35-70) to allow insurers to issue motor vehicle liability policies with resident family member exclusions. Issac, 522 NW2d at 756 n1 (SD 1994). SDCL 32-35-70 now provides: 

An owner's policy of liability insurance referred to in Â§ 32-35-68 shall insure the person named therein and any other person as insured, using any insured vehicle or vehicles with the express or implied permission of the named insured, against loss from liability imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle or vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interests and costs, with respect to each insured vehicle, as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars because of injury to or destruction of property of others in any one accident. If the policy complies with the filing and form requirements of Title 58 and has been approved by the Division of Insurance, the driver and owner has complied with this chapter. The policy may exclude liability coverage if the policyholder certifies in writing that the vehicle will not be operated during the policy period. The policy may exclude or limit coverage pursuant to Â§ 58-11-9.3, or for a relative residing in the named insured's household. Policies issued after January 1, 1987, and owners who have purchased such policies are in compliance with this chapter. Date of compliance does not affect any pending litigation. 
(Emphasis added to reflect pertinent addition made by 1992 amendment). Despite the amendment to SDCL 32-35-70, the Legislature left unchanged SDCL 58-11-9, which mandates uninsured motorist coverage. SDCL 58-11-9 states in part: 

No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death equal to the coverage provided by such policy for bodily injury and death, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom... . 
With this statute unaltered, will public policy continue to disallow "resident family member exclusions" for uninsured motorist coverage? 
[Â¶7] These enactments do not precisely contemplate circumstances where "owners or operators of uninsured motor vehicles" are otherwise validly insured except for a policy exclusion. To address this issue, therefore, we strive to delineate the scope of legislative intent in amending SDCL 32-35-70. Clearly, the Legislature intended to overrule Cimarron, but that case only dealt with a household exclusion in liability coverage. The question is whether the amendment inferably encompasses uninsured motorist coverage as well. Affirming coverage in this case pursuant to the uninsured motorist statute renders meaningless the allowable resident family member liability exclusion, since a family member properly excluded from coverage under the liability section, can simply turnabout and assert a claim under the uninsured motorist section. Courts should not enlarge a statute beyond its declaration if its terms are clear and unambiguous. State v. Fryer, 496 NW2d 54, 55 (SD 1993). Yet in cases where a literal approach would functionally annul the law, the cardinal purpose of statutory construction-ascertaining legislative intent-ought not be limited to simply reading a statute's bare language; we must also reflect upon the purpose of the enactment, the matter sought to be corrected and the goal to be attained. Sparagon v. Native American Publishers, Inc., 1996 SD 3, Â¶ 39, 542 NW2d 125, (citing Clementson v. Minnesota Tribune Co., 45 Minn 303, 47 NW 781 (1891)); Elfring v. Paterson, 66 SD 458, 462, 285 NW 443, 445 (1939) (quoting Commonwealth v. Barney, 115 Ky 475, 74 SW 181, 184 (1903)). 
[Â¶8] Our lawmakers did not state, though they easily could have, that "uninsured motorist" coverage must include insureds rendered uninsured due to policy exclusions. Moreover, while the specific statute requiring uninsured motorist coverage remains unchanged, the amendment to the general mandate in the financial responsibility statute reflects a broad design: "The policy may exclude or limit coverage ... for a relative residing in the named-insured's household." SDCL 32-35-70 (emphasis added). Such language suggests no plan to limit the resident family member exclusion solely to liability coverage. When possible, an enactment should be read in consonance with its entire statutory scheme. National Farmers Union Prop. & Cas. Co. v. Bang, 516 NW2d 313, 317 (SD 1994); Kinzler v. Nacey, 296 NW2d 725, 728 (SD 1980). If laws conflict, we should endeavor to find a harmonious and workable interpretation. We conclude the law allows a resident family member exclusion for uninsured motorist coverage coextensive with the permissible exclusion in liability coverage. Cf. O'Hare v. State Farm Mut. Auto. Ins. Co., 432 So2d 1294, 1297-98 (AlaApp 1982). To approve an opposite construction would subvert the manifest purpose of the legislative amendment. 
[Â¶9] Other courts have adopted similar rationales. Brandenburg v. Allstate Ins. Co., 815 FSupp 317 (DSD 1993) (interpreting South Dakota law - 1992 amendment to SDCL 32-35-70 impliedly extended resident family member exclusion to uninsured motorist coverage), rev'd on other grounds, Brandenburg v. Allstate Ins. Co., 23 F3d 1438 (8thCir 1994). See also Terranova v. State Farm Mut. Auto. Ins. Co., 800 P2d 58 (Colo 1990) (household exclusion not violative of public policy underlying statute mandating uninsured motor vehicle coverage); Reid v. State Farm Fire & Cas. Co., 352 So2d 1172 (Fla 1977) (family car is not uninsured because liability coverage not available to a particular individual - vehicle cannot be both insured and uninsured at the same time); United Farm Bureau Mut. Ins. Co. v. Steele, 622 NE2d 557 (IndCtApp 1993) (uninsured motorist coverage exclusion for household members not contrary to public policy); Hilyard v. Estate of Clearwater, 729 P2d 1195 (Kan 1986) (insured family car not an uninsured motor vehicle simply because liability coverage not available; to hold otherwise would effectively nullify the household exclusion); Harrison v. MFA Mut. Ins. Co., 607 SW2d 137 (Mo 1980) (policy language which precludes "insured motor vehicle" from being an "uninsured motor vehicle" not contrary to public policy). While we acknowledge a split of authority on this issue, we find the reasoning used by the above cited jurisdictions to be more compatible with the public policy of this state. Contra Kerouac v. Kerouac, 425 NE2d 543 (IllCtApp 1981) (policy language excluding named insured and resident son from uninsured motorist coverage void as against public policy); Rodman v. State Farm Mut. Auto. Ins. Co., 208 NW2d 903 (Iowa 1973) (named insured denied liability coverage due to valid policy exclusion but uninsured motorist coverage applied); State Farm Mut. Auto. Ins. Co. v. Wendt, 708 P2d 581 (Okla 1985) (named insured denied liability coverage due to valid policy exclusion but still entitled to uninsured motorist coverage); Faraj v. Allstate Ins. Co., 486 A2d 582 (RI 1984) ("household exclusion" precluded coverage under liability provision of policy but resident family member entitled to uninsured motorist coverage). 
[Â¶10] De Smet's resident family member exclusion to its uninsured motorist coverage is not violative of South Dakota public policy. The law permits such exclusions in this circumstance as an exception to mandatory automobile insurance coverage. We reverse and remand for entry of judgment in favor of De Smet. In view of this ruling, the notice of review issue raised by Matthew and Lance is moot. 
[Â¶11] Reversed. 
[Â¶12] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.