No. 2--02--1232

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

ROBERT R. MURBACH, ) Appeal from the Circuit Court

) of Kane County.

Plaintiff-Appellant, )

)

v. ) No. 99--L--527

) 

SUSAN COLLEEN NOEL, DANA M. )

MALONE, and SHANE R. STEELE, )

)

Defendants ) 

) Honorable

(State Farm Mutual Automobile Insurance ) Michael J. Colwell,

Company, Appellee). ) Judge, Presiding.   _______________________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Robert R. Murbach, appeals from an order entered in connection with garnishment proceedings declaring that the garnishee, State Farm Mutual Automobile Insurance Company (State Farm), discharged its obligation under an automobile liability insurance policy it issued by paying plaintiff the total amount of $100,000 on behalf of all of the insureds held liable in the underlying suit.  Plaintiff claims that the language of the insurance policy and public policy considerations mandate that State Farm indemnify 
each
 insured for up to $100,000.  We affirm.

The record reveals that on August 28, 1999, defendants Shane R. Steele and Susan Colleen  Noel were traveling on Interstate 88 in a vehicle insured under a policy issued by State Farm to Steele.  As required by law (see 
State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group
, 182 Ill. 2d 240, 245-46 (1998)
), the policy included a so-called "omnibus clause," including within the definition of the term "insured" those operating the vehicle with the permission of the named insured.  Noel was operating the vehicle with Steele's permission, so both were insureds under the policy.  Steele had loaded a bedframe, mattress, and box spring onto the vehicle.  The items fell off the vehicle onto the roadway and a vehicle operated by defendant Dana M. Malone collided with the items.  A vehicle operated by plaintiff then collided with Malone's vehicle.

Plaintiff brought suit against Steele, Noel, and Malone, and the matter was tried to a jury.  The jury returned a verdict for Malone, but found Steele and Noel liable to plaintiff.  The jury found that plaintiff was 15% at fault, Steele was 30% at fault, and Noel was 55% at fault.  After reducing his damages based on his proportionate fault, the jury awarded plaintiff approximately $330,000. 

Plaintiff instituted garnishment proceedings against State Farm.  The case was transferred to the chancery division of the circuit court, and plaintiff filed a petition for a declaratory judgment that he was  entitled to $100,000 under the policy.  State Farm responded that it had already paid plaintiff the $100,000, which was its limit of liability for damages due to bodily injury to one person.  State Farm argued that the limits of liability are the same regardless of the number of insureds who are found liable.  Accordingly, plaintiff was not entitled to a second recovery, even though two insureds had been held liable.  The trial court agreed with State Farm and denied plaintiff's petition.  This appeal followed.

The construction of an insurance policy is a question of law.  
Michael Nicholas, Inc. v. Royal Insurance Co. of America
, 321 Ill. App. 3d 909, 913 (2001).  Because insurance policies are contracts, the well-known rules of contract construction apply.  
  
Wallis v. Country Mutual Insurance Co.
, 309 Ill. App. 3d 566, 571 (2000).  Our duty is to ascertain and give effect to the intent of the parties, which is best determined from the language of the agreement.  
Wallis
, 309 Ill. App. 3d at 571.  The policy that State Farm issued to Steele provides, in pertinent part, as follows:

"
Limits of Liability

The amount of bodily injury liability coverage is shown on the declarations page under 'Limits of Liability--Coverage A--Bodily Injury, Each Person, Each Accident.'  Under 'Each Person' is the amount of coverage for all damages due to 
bodily injury
 to one 
person
. ***  Under 'Each Accident' is the total amount of coverage, subject to the amount shown under 'Each Person', for all damages due to 
bodily injury
 to two or more 
persons
 in the same accident.

***

We will pay damages for which an 
insured
 is legally liable up to these amounts.

The limits of liability are not increased because more than one 
person
 or organization may be an 
insured
."  (Emphasis in original.)

Noting that the words "an insured" are generally equivalent to "any insured" (see 
Allstate Insurance Co. v. Smiley
, 276 Ill. App. 3d 971, 979 (1995)), plaintiff contends that the penultimate sentence in the passage quoted above ("We will pay damages ***") means that State Farm must pay up to the $100,000-per-person policy limit for 
each
 insured who has been found liable.  However, this sentence must be read in conjunction with the following sentence, which unambiguously precludes increasing the policy limits because there are multiple insureds under the policy.  Although plaintiff  argues that requiring an insurer to make multiple payments of the policy limits is somehow different from 
increasing
 the limits, we are unable to perceive any meaningful distinction.  If State Farm is liable for $200,000 on account of injuries to a single person, then its stated $100,000 limit of liability obviously has been increased.

Plaintiff contends that the restriction on increasing the limits of liability simply means that the designated amount is the maximum that will be paid on account of any single insured even though there might be unused coverage available to other insureds.  However, interpreting the restriction in this manner makes it largely superfluous because there is absolutely nothing in the policy to suggest that the limits of liability would otherwise be cumulative based on the number of insureds.  In the situation plaintiff describes it is already clear that State Farm's liability is limited to the stated dollar amounts per person and accident.  In interpreting the policy, we must attempt to give meaning to all its terms.  
General Casualty Co. of Illinois v. Juhl
, 283 Ill. App. 3d 376, 380 (1996).  The only reasonable reading of the restriction that gives it meaning and effect is that the per-person and per-accident limits of liability define State Farm's maximum total obligation under the policy regardless of the number of insureds who are liable for damages.

Plaintiff also argues that State Farm's interpretation of the insurance policy violates public policy because if State Farm exhausts the limits of liability paying a judgment against one insured, other potentially liable insureds will be left without coverage for judgments against them.  We disagree.  Because the injured person may have but one recovery, indemnification of one insured reduces the liability of others covered under the policy who are jointly and severally liable.  Stated differently, any particular  insured's exposure for a judgment  in excess of  the policy limits is the same regardless of the number of insureds under the policy and on whose behalf the policy proceeds are nominally paid.  Accordingly, imposing a stated limit of liability that does not vary with the number of insureds is not contrary to public policy.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER and KAPALA, JJ., concur.