PRESENT: Hassell, C.J., Lacy, Koontz, Kinser, Lemons and Agee, JJ., and Stephenson, S.J.

RICHARD JOHNSON

OPINION BY
v.  Record No. 031537  SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
June 10, 2004
WINDSOR INSURANCE COMPANY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Judge

In this appeal, the sole assignment of error states:

The trial court erred when it ruled that an insurer under an automobile liability insurance policy was not required to provide coverage for the named insured who allegedly negligently entrusted the insured vehicle to a permissive user after the insurer settled a part of the claim against the permissive user where the insurance policy failed to limit its liability pursuant to [Code] § 38.2-2204.

The assignment of error presents for our consideration three issues, framed as follows:

1.  "Whether Virginia law requires coverage under an automobile liability insurance policy for both a named insured who negligently entrusts his automobile to a permissive user and for the permissive user?"

2.  "Whether the omnibus clause, [Code] § 38.2-2204, . . . in effect at the time of the collision, requires an insurer to provide coverage for each of two independent tortfeasors whose separate negligent actions caused injury to another?"

3.  "Whether the language of the Windsor policy which provides for $300,000 coverage for 'each accident' can be

relieved of that obligation when it fails to meet the simple strictures of the 1999 amendment to the omnibus clause?"

I

On July 12, 2000, Richard Johnson was a passenger in a vehicle that was struck in the rear by an automobile operated by Quang Huynh (Q. Huynh), and owned by his father, Thien Huynh (T. Huynh). Johnson sustained serious, permanent injuries.

Windsor Insurance Company (Windsor) had issued a Virginia automobile liability insurance policy to T. Huynh as the named insured. Q. Huynh was also insured under the policy as a resident of T. Huynh's household and also as a permissive user of the automobile. The policy limits are $100,000 for each person and $300,000 for each accident. The policy provides that the liability insurance coverage afforded "applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability." The policy further provides that

> [t]he limit of bodily injury liability stated . . . as applicable to "each person" is the limit of the company's liability for all damages . . . arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated . . . as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence.

2

Johnson filed a motion for judgment against Q. Huynh and T. Huynh, alleging a separate count of negligence against each. Johnson alleged that T. Huynh had negligently entrusted his automobile to Q. Huynh and that Q. Huynh had negligently operated the vehicle.

Following commencement of the action, Johnson settled his negligent-operation claim against Q. Huynh for $100,000, and Windsor paid $100,000 to Johnson. Johnson, however, continued to look to Windsor to provide further coverage in the amount of $100,000 for his negligent-entrustment claim against T. Huynh. Windsor denied further obligation and filed a motion for declaratory judgment, seeking a declaration that the maximum of its liability for the accident is $100,000, regardless of the number of insureds who may be held liable for Johnson's injuries. The trial court agreed with Windsor and granted summary judgment in its favor. This appeal ensued.

II

Johnson contends that our 1997 decision in Haislip v. Southern Heritage Insurance Co., 254 Va. 265, 492 S.E.2d 135 (1997), requires a reversal of the trial court's judgment. Windsor, on the other hand, contends that a 1999 amendment to Code § 38.2-2204 (the Omnibus Clause) allows an insurer "to limit exposure exactly the way Windsor has limited exposure."

In *Haislip*, we considered whether the Omnibus Clause required a liability insurer "to provide full and separate coverage to its named insured who was allegedly guilty of negligent entrustment of a vehicle, even though the insurer had already paid the insurance policy limits on behalf of a permissive user who negligently operated the insured vehicle." 254 Va. at 266, 492 S.E.2d at 136. The proceedings and facts in *Haislip* are analogous to those in the present case, except as to the policies' limits.

In *Haislip*, an injured plaintiff brought an action to recover damages resulting from an automobile accident. The plaintiff alleged that the insured owner had negligently entrusted her automobile to an uninsured permissive user who negligently operated the vehicle. The owner's liability insurance policy provided for $25,000 of coverage "per occurrence." The insurer settled the plaintiff's claim against the permissive user for $25,000, which the insurer believed was the maximum amount of coverage available to the plaintiff under the terms of the policy. The plaintiff also sought payment of $25,000 from the insurer for the owner's negligent entrustment of the vehicle. *Id*. at 267, 492 S.E.2d at 136.

Thereafter, the insurer filed a motion for declaratory judgment, requesting that the trial court declare that the maximum amount of coverage available to the plaintiff under the

4

policy was $25,000, that the policy had been exhausted by reason of the settlement paid on behalf of the permissive user, and that the insurer had no duty to pay any amount related to the plaintiff's claim against the owner. The trial court agreed and entered a judgment declaring that the coverage available under the policy had been exhausted by the settlement on behalf of the permissive user. Id.

We reversed the trial court's judgment, holding that the insurer could not deny coverage to the named insured who had purchased the policy, even though the "per occurrence" limit had already been paid on behalf of the permissive user. Id. at 269-70, 492 S.E.2d at 138. We noted that the plain language in the Omnibus Clause requires a liability insurance policy to contain "'a provision insuring the named insured, and any other person using . . . the motor vehicle.'" Id. at 269, 492 S.E.2d at 137.

The Omnibus Clause was amended in 1999, subsequent to our decision in Haislip, and now reads, in pertinent part, as follows:

> No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle . . . shall be issued . . . in this Commonwealth to the owner of such vehicle . . . , unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle . . . with the expressed or implied consent of the named insured . . . ; however, nothing contained in this section shall be deemed to prohibit an insurer from

5

> limiting its liability under any one policy for bodily injury or property damage resulting from any one accident or occurrence to the liability limits for such coverage set forth in the policy for any such accident or occurrence regardless of the number of insureds under that policy.

Code § 38.2-2204(A) (emphasized language reflects amendment).

### III

It is firmly established that, in determining the meaning of a statute, we must consider the plain language that the General Assembly used when the statute was enacted. Thus, " '[w]here the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.' " Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)).

We are of opinion that the plain language of the 1999 amendment to the Omnibus Clause clearly enables an insurer to limit its liability even if more than one insured is liable for the accident or occurrence. However, such limit is that stated as the "per accident or occurrence" limit, rather than the "per person" limit. Thus, in the present case, Windsor's total obligation under its policy is its "per accident" limit of $300,000, and Windsor must provide further coverage for the negligent-entrustment claim against its named insured. We hold,

6

therefore, that the trial court erred in ruling that Windsor was not required to provide coverage to T. Huynh after it settled the claim against Q. Huynh.

IV

For the reasons stated, we will reverse the trial court's judgment and remand the case for the entry of a judgment consistent with the view expressed herein.

<u>Reversed and remanded</u>.