2005 SD 75

Matthew L. SCHULTE, Plaintiff
and Appellant,

v.

PROGRESSIVE NORTHERN INSUR-
ANCE COMPANY and Thomas Hof-
tiezer, Defendants and Appellees.

No. 23365.

Supreme Court of South Dakota.

Considered on Briefs March 21, 2005.

Decided June 15, 2005.

Stephen C. Landon, Shawn M. Nichols
of Cadwell, Sanford, Deibert & Garry;
Sioux Falls, South Dakota, Attorneys for
plaintiff and appellant.

Patricia A. Meyers of Costello, Porter,
Hill, Heisterkamp, Bushnell & Carpenter,
Rapid City, South Dakota, Attorneys for
defendants and appellees.

KONENKAMP, Justice.

[¶ 1.]   In this declaratory action dealing
with insurance coverage, the plaintiff seeks
to recover the policy limits of $100,000
from both the offending driver, for negli-
gent operation of the insured vehicle, and
the driver's father, for negligent entrust-
ment. We conclude that under our auto-

mobile insurance statutes the policy limits apply to the insured vehicle and do not require separate policy limits for each insured who may be liable in a single accident. We affirm the circuit court.

## Background

[¶ 2.] Plaintiff Matthew L. Schulte was seriously injured in an automobile accident in Clay County, South Dakota, on March 24, 2003. The accident occurred when Joshua Hoftiezer drove a truck through the on-coming lane of traffic without yielding the right-of-way and collided with Schulte, who was traveling in the opposite direction. The truck Joshua was operating was owned, licensed, and insured by his father, Thomas Hoftiezer. As the named insured, Thomas Hoftiezer held an "owners policy" issued by Progressive Northern Insurance Company. *See* SDCL 32–35–68 (1960). Under this policy, Hoftiezer's son, Joshua, was an additional insured. The policy had liability limits of $100,000 per person and $300,000 per accident.

[¶ 3.] At the time of the accident, Joshua was driving with a suspended license, had previously been cited for driving under the influence and failing to stop, and was reputed to be a poor driver.[1] Despite his alleged knowledge of Joshua's poor driving record, Thomas Hoftiezer provided the insured vehicle for his son's use.

[¶ 4.] Progressive offered Schulte $100,000 in exchange for a full and final release of any claims against Progressive, Hoftiezer, and Joshua. Although Schulte's damages exceed $100,000, the company maintained that $100,000 was the limit in total liability coverage available to Schulte under Hoftiezer's policy. Schulte brought a declaratory action against Progressive, seeking a determination that Hoftiezer's

policy provided separate policy limits for both insureds, Thomas and Joshua Hoftiezer. Each side moved for summary judgment. In granting Progressive's motion, the circuit court concluded that Progressive was under no obligation to pay its policy's liability limits for Hoftiezer's negligent entrustment of the automobile and also pay its policy limits for Joshua's negligent driving. On appeal, Schulte contends that Progressive is required to provide separate policy limits of $100,000 for the independent acts of negligence of each of its insureds.

## Standard of Review

[¶ 5.] Under our familiar standard of review in summary judgment cases, we decide only whether genuine issues of material fact exist and whether the law was correctly applied. If any legal basis exists to support the trial court's ruling, we will affirm. *Kobbeman v. Oleson,* 1998 SD 20, ¶ 4, 574 N.W.2d 633, 635 (citing SDCL 15–6–56(c) (1966)); *see De Smet Ins. Co. of South Dakota v. Gibson,* 1996 SD 102, ¶ 5, 552 N.W.2d 98, 99. "With the material facts undisputed, our review is limited to determining whether the trial court correctly applied the law." *Kobbeman,* 1998 SD 20, ¶ 4, 574 N.W.2d at 635. Statutory construction and insurance contract interpretation are questions of law reviewable de novo. *Auto–Owners Ins. Co. v. Hansen Housing, Inc.,* 2000 SD 13, ¶ 10, 604 N.W.2d 504, 509 (citations omitted).

## Analysis and Decision

[¶ 6.] Schulte argues that Joshua's negligent driving and his father's negligent entrustment are two active and distinct acts of negligence; therefore, Progressive should be obliged to provide the policy limits of $100,000 for each negligent

---

1. We recite the facts from Schulte's Complaint because Progressive did not dispute them for the purpose of deciding the summary judgment motions.

act. Progressive does not dispute that Schulte's injuries exceed $100,000, but contends that $100,000 is the limit payable for Schulte's damages. Schulte maintains that the circuit court erred in ruling that the limits of automobile liability coverage did not apply separately to Joshua, as an insured permissive user, and to Hoftiezer, as the named insured under the policy.

■ [¶ 7.] South Dakota's financial responsibility law requires that automobile insurance policies provide vehicle owners with certain liability coverage for acts arising out of the ownership of insured vehicles. SDCL 32–35–70 (1992); *Colonial Ins. Co. of Cal. v. Lundquist*, 539 N.W.2d 871, 875 (S.D.1995). Because coverage is mandatory, our state's omnibus clause must be read into every "automobile insurance policy whether or not coverage is explicitly included by the policy language." 8 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 111:23 (3d ed. 2004). Schulte does not contend that Progressive's policy provides coverage greater than that required under South Dakota law.[2] His argument is that our financial responsibility laws require that the coverage he contends exists must be read into the policy. Thus our analysis centers on SDCL 32–35–70:

An owner's policy of liability insurance referred to in § 32–35–68 shall insure the person named therein and any other person as insured, *using any insured vehicle or vehicles* with the express or implied permission of the named insured, against loss from the liability imposed by law for *damages arising out of the ownership, maintenance, or use of the vehicle or vehicles* within the United States of America or the Dominion of Canada, subject to limits exclusive of interests and costs, *with respect to each insured vehicle,* as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars because of injury to or destruction of property of others in any one accident....

*Id.* (emphasis added).

[¶ 8.] Under the unambiguous terms of this statute, we cannot sustain plaintiff's interpretation.[3] This statute sets a per person limit for each "accident" involving the named or permittee insured using an insured vehicle. The operative language requires liability insurance "for damages arising out of the ownership, maintenance,

---

**2.** In Progressive's policy, "Accident" is defined as "a sudden, unexpected, and unintended occurrence." The liability limit is "the most [Progressive] will pay regardless of the number of: *1. claims made;* 2. covered vehicles; 3. trailers shown on the Declarations Page; *4. insured persons;* 5. lawsuits brought; 6. vehicles involved in an accident; or 7. premiums paid." (Emphasis added.) Under the policy, "[t]he 'each person' limit of liability includes the total of all claims made for bodily injury to a person...."

**3.** Interpreting similar statutes, a majority of courts have rejected theories of separate recoverable limits in one accident from two

insureds: *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶¶ 28–29, 45, 302 Mont. 209, 14 P.3d 487, 492–93, 496 ("fact that an accident involved multiple liable insureds is inconsequential"); *GRE Ins. Group v. Green*, 194 Ariz. 251, 980 P.2d 963, 965–66 (1999) (court looks to accident itself and the number of persons injured to determine liability limits); *Am. Standard Ins. Co. of Wis. v. May*, 972 S.W.2d 595, 600 (Mo.Ct.App.1998) (policy limits directed to insured vehicles, not the insureds; statute requires each insured *vehicle* be insured). *But see Johnson v. Windsor Ins. Co.*, 268 Va. 196, 597 S.E.2d 31, 34 (2004); *Iaquinta v. Allstate Ins. Co.*, 180 Wis.2d 661, 510 N.W.2d 715, 718 (1993).

or use of the *vehicle or vehicles* ..., subject to limits ... with respect to *each insured vehicle* ...." *Id.* (emphasis added). It is clear that the limits apply to each insured vehicle. In fact, under SDCL 32–35–69 "[a]n owner's policy of liability insurance referred to in § 32–35–68 shall designate by explicit description or by appropriate reference all vehicles with respect to which coverage is thereby to be granted." *Id.* (1960).

[¶ 9.] Each *vehicle* in South Dakota must be covered by the obligatory liability limits in the event the owner or other person named in the policy uses the *vehicle* and causes personal injury or property damage.[4] Nothing in these statutes suggests that the Legislature intended that the limits of liability should multiply depending on the number of negligent acts by insureds legally liable for causing a single accident. Accordingly, we find no support in our laws to require an insurer to pay policy limits for the permissive vehicle user for negligently causing an accident and the insured owner for negligently entrusting the vehicle, so that one injured party in a single accident may recover the policy limits from each.

[¶ 10.] Affirmed.

[¶ 11.] GILBERTSON, Chief Justice, and SABERS and MEIERHENRY, Justices, concur.

[¶ 12.] ZINTER, Justice, concurs with a writing.

ZINTER, Justice (concurring).

[¶ 13.] I concur and write to address Schulte's argument that declining to require the payment of two liability limits deprives the insureds of coverage in violation of South Dakota's public policy.

[¶ 14.] Schulte is correct that a vehicle operator is required to be insured to the same extent as the owner. "The operation of an omnibus clause creates liability insurance in favor of persons other than the named insured to the same degree as the insured." *Estate of Trobaugh ex rel Trobaugh v. Farmers Ins. Exch.*, 2001 SD 37, ¶ 21, 623 N.W.2d 497, 502. This Court has also specifically held that a policy must cover the operator and one who negligently entrusts the vehicle to another. See *Colonial Ins. Co. of Cal. v. Lundquist*, 539 N.W.2d 871 (S.D.1995). Schulte hypothesizes that because his damages exceed the policy limits, if he settled with Joshua Hoftiezer for the policy limits and then brought suit against Thomas Hoftiezer for negligent entrustment, Thomas—the insured who purchased the policy—"would have absolutely no coverage" in violation of these cases. However, the liability limit does not deny coverage to either insured.

[¶ 15.] On the contrary, even though Schulte's damages may exceed the $100,000 liability limit, both Thomas Hoftiezer and Joshua Hoftiezer are provided coverage for the damages sustained as a result of their separate alleged acts of negligence. It is only the limit of coverage for this accident that is qualified. As the Wisconsin Supreme Court observed in *Folkman v. Quamme*, 264 Wis.2d 617, 665 N.W.2d 857, 879 (2003):

> [t]his observation ... does not alter the fact that Debra and Kenneth Sr. were both extended coverage; they merely happened to share the same liability subject to one limit of liability. The coverage purchased by the Folkmans is not illusory because the policy accurately and fairly set out its liability coverage terms in an unambiguous fashion and coverage was extended to each insured.

Similarly, *Murbach v. Noel*, 343 Ill.App.3d 644, 278 Ill.Dec. 426, 798 N.E.2d 810, 813

---

4. The driver must either own the insured vehicle or have the "express or implied permission of the named insured" to fall under SDCL 32–35–70.

(2003) rejected Schulte's argument that a single limit "violates public policy because if State Farm exhausts the limits of liability paying a judgment against one insured, other potentially liable insureds will be left without coverage for judgments against them." The Murbach court noted:

> Because the injured person may have but one recovery, indemnification of one insured reduces the liability of others covered under the policy who are jointly and severally liable.[5] Stated differently, any particular insured's exposure for a judgment in excess of the policy limits is the same regardless of the number of insureds under the policy and on whose behalf the policy proceeds are nominally paid. Accordingly, imposing a stated limit of liability that does not vary with the number of insureds is not contrary to public policy.

*Id.*

[¶ 16.] Consequently, coverage is not being denied or reduced to either insured in this case. The coverage required by the omnibus statute has been provided. It is the premise of Schulte's argument that is incorrect. Contrary to Schulte's premise, Progressive "did extend coverage to all ... insureds. The problem the [two] insureds face is not that [they] were not covered under the policy. The problem is that the named insured did not purchase a greater amount of per occurrence liability." *Folkman,* 665 N.W.2d at 874.[6]

---

5. It should also be noted that if coverage is exhausted on the first insured, the second insured has a remedy. As in all other cases where damages exceed coverage and one tortfeasor pays more than their pro rata share of the liability, the remedy is to seek contribution among joint tortfeasors. *See* SDCL 15–8–11 et seq.

6. It should be additionally noted that the total liability of all tortfeasors often exceeds the total amount of insurance coverage available to insureds, subjecting them to personal liability for the difference.