2006 UT App 388

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Appellee,**

**v.**

**Ruby DeHERRERA; Rae–Ann Martinez; Yolanda Herrera; and Angela Aragon, a minor, Defendants and Appellant.**

**No. 20050868–CA.**

Court of Appeals of Utah.

Sept. 21, 2006.

George Waddoups, Debry & Associates, Salt Lake City, for Appellant.

Stuart H. Schultz, Strong & Hanni, Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., McHUGH and ORME, JJ.

## OPINION

CAROLYN B. McHUGH, Judge:

¶ 1 Ruby DeHerrera appeals from summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm), rejecting DeHerrera's claim that the insurance company was required by the terms of the policy and by Utah's omnibus insurance statute, *see* Utah Code Ann. § 31A–22–303 (2005), and Utah's compulsory insurance statute, *see id.* § 31A–22–304, to provide the policy limits for each insured involved in a single accident, irrespective of the number of injured persons. This is an

issue of first impression for the appellate courts of Utah. We affirm.

## BACKGROUND

¶ 2 This case arises out of a May 11, 2003 automobile accident. DeHerrera, Yolanda Herrera, and Rae–Ann Martinez were passengers in a 2000 Pontiac Sunfire owned by Robert Pacheco and driven, with Pacheco's permission, by Manuel Olmos. State Farm issued an automobile insurance policy to Pacheco covering the subject vehicle. Just prior to the accident, Herrera and Martinez had an argument during which Martinez grabbed the steering wheel, causing Olmos to lose control. DeHerrera was injured in the resulting crash.

¶ 3 Following the accident, State Farm paid DeHerrera $50,000, claiming it was the maximum amount available under the policy for bodily injury to one person in a single accident. In exchange, DeHerrera released Olmos, Pacheco, and Martinez from any personal liability, but she retained the right to seek further coverage under the policy between State Farm and Pacheco.[1] DeHerrera claims that the policy provides $50,000 in coverage for each of the three insured persons involved in the accident—for a total of $150,000.

¶ 4 On September 17, 2003, State Farm filed a complaint for declaratory relief. DeHerrera filed an answer, a third-party complaint, and a cross-claim in response. Thereafter, State Farm moved for summary judgment. For purposes of that motion, the parties stipulated that Olmos, Pacheco, and Martinez were each insured as permissive users of the vehicle under Pacheco's policy with State Farm. The parties further stipulated, for purposes of the summary judgment motion only, that Olmos, Pacheco, and Martinez were each negligent and a proximate cause of the accident.

¶ 5 The trial court agreed with State Farm that the policy unambiguously limited the amount of coverage available for a single person injured in an accident to $50,000, notwithstanding the fact that more than one

---

1. DeHerrera claimed that Olmos, Pacheco, and Martinez were covered as "permissive users" under the policy and that each had negligently caused the accident.

person insured under the policy may have negligently contributed to the accident. DeHerrera appeals, claiming that the policy is ambiguous on this point and must be construed against the insurer. DeHerrera also contends that the interpretation urged by State Farm is contrary to the Utah omnibus insurance statute, *see* Utah Code Ann. § 31A–22–303, and the Utah compulsory insurance coverage requirements, *see id.* § 31A–22–304.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The issue on appeal is whether the trial court correctly granted summary judgment in favor of State Farm after concluding that coverage was limited to $50,000.

> When reviewing summary judgment, we review the facts in the light most favorable to the losing party. Because summary judgment is granted as a matter of law, we review the trial court's ruling on legal issues for correctness. We determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact.

*Beltran v. Allan,* 926 P.2d 892, 895 (Utah Ct.App.1996) (quotations and citations omitted).

## ANALYSIS

### I. The Policy Language

¶ 7 DeHerrera first contends that the insurance policy is ambiguous. We construe insurance contracts " 'pursuant to the same rules applied to ordinary contracts.' " *Saleh v. Farmers Ins. Exch.,* 2006 UT 20, ¶ 14, 133 P.3d 428 (quoting *Alf v. State Farm Fire & Cas. Co.,* 850 P.2d 1272, 1274 (Utah 1993)). "[U]nless the language of an insurance contract is ambiguous or unclear, the court must construe it according to its plain and ordinary meaning." *First Am. Title Ins. Co. v. J.B. Ranch, Inc.,* 966 P.2d 834, 836 (Utah 1998). Because insurance contracts are contracts of adhesion, " 'ambiguous or uncertain language in an insurance contract that is fairly susceptible to different interpretations should be construed in favor of coverage.' " *Farmers Ins. Exch. v. Versaw,* 2004

UT 73, ¶ 25, 99 P.3d 796 (quoting *United States Fid. & Guar. Co. v. Sandt,* 854 P.2d 519, 522–23 (Utah 1993)). To avoid ambiguity, "a contract of insurance must use language and grammar capable of understanding by a reasonable insurance purchaser." *Id.* at ¶ 8 (citing *Sandt,* 854 P.2d at 521–22). The Utah Supreme Court has explained that the test for insurance contract clarity asks:

> Would the meaning [of the language of the insurance contract] be plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy[?]

*Id.* (alterations in original) (quotations and citation omitted). In this case, we agree with the trial court that the meaning of the policy would be plain to a person of ordinary intelligence and understanding.

¶ 8 The policy language at issue states:

> The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability—Coverage A—Bodily Injury. Each Person. Each Accident." Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person.* "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury,* and all emotional distress resulting from this *bodily injury,* and all emotional distress resulting from this *bodily injury* sustained by other *persons* who do not sustain *bodily injury.* Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to *bodily injury* to two or more *persons* in the same accident.

> The amount of property damage liability coverage is shown on the declarations page under "Limits of Liability—Coverage A—Property Damage, Each Accident."

> We will pay damages for which an *insured* is legally liable up to these amounts.

The limits of liability are not increased because more than one *person* or organization may be an *insured.*

¶ 9 The policy provides a limit of $50,000 for bodily injury to one person in a single accident. According to DeHerrera, that limit should be applied for each insured, thereby making State Farm's cumulative obligation $150,000. In contrast, State Farm argues that the policy language plainly states, first, that the policy limit of $50,000 for "[e]ach [p]erson" is "the amount of coverage for all damages due to bodily injury to one person." The policy then expressly states that "[t]he limits of liability are not increased because more than one person or organization may be an insured." State Farm contends that these statements when read together clearly and unambiguously defeat DeHerrera's argument. We agree.

¶ 10 Taking the usual and natural meaning of the words, we hold that a policy holder of ordinary intelligence would understand that a single limit of $50,000 for bodily injury applies only if one person is injured in the subject accident, and that the limit will not be increased even if more than one person is an insured.[2] In reaching this conclusion, we accept the reasoning of the majority of jurisdictions that have considered this question. *See GRE Ins. Group v. Green,* 194 Ariz. 251, 980 P.2d 963, 965 (Ct.App.1999) (holding that language similar to that contained in the State Farm policy unambiguously applied a limit for bodily injury to a single person regardless of the number of covered persons); *Murbach v. Noel,* 343 Ill.App.3d 644, 278 Ill.Dec. 426, 798 N.E.2d 810, 812 (2003) (same); *Mid–Century Ins. Co. v. Shutt,* 17 Kan.App.2d 846, 845 P.2d 86, 89 (1993) (same); *American Standard Ins. Co. v. May,* 972 S.W.2d 595, 601–02 (Mo.Ct.App.1998)

(same); *Infinity Ins. Co. v. Dodson,* 2000 MT 287,¶ 28, 302 Mont. 209, 14 P.3d 487 (same); *Manriquez v. Mid–Century Ins. Co.,* 779 S.W.2d 482, 485 (Tex.App.1989) (same); *Folkman v. Quamme,* 264 Wis.2d 617, 665 N.W.2d 857, 860–61 (2003) (same). *But see Haislip v. Southern Heritage Ins. Co.,* 254 Va. 265, 492 S.E.2d 135, 137 (1997) (holding that state's omnibus insurance statute required separate limits for each insured person despite contrary, unambiguous policy language);[3] *Iaquinta v. Allstate Ins. Co.,* 180 Wis.2d 661, 510 N.W.2d 715, 716–17 (Ct. App.1993) (same); *Miller v. Amundson,* 117 Wis.2d 425, 345 N.W.2d 494, 497 (Ct.App. 1984) (same).

## II. The Utah Statutes

### A. *The Omnibus Statute*

■ ¶ 11 DeHerrera argues that even if the policy language unambiguously limits coverage to $50,000 for bodily injury to a single person regardless of the number of insured persons, this court should refuse to enforce that provision as contrary to Utah's omnibus insurance statute. *See* Utah Code Ann. § 31A–22–303. Section 303 provides that:

(1)(a) ... [A] policy of motor vehicle liability coverage under Subsection 31A–22–302(1)(a) shall:

. . . .

(ii)(A) if it is an owner's policy, designate by appropriate reference all the motor vehicles on which coverage is granted, insure the person named in the policy, *insure any other person using any named motor vehicle with the express or implied permission of the named insured,* and, except as provided in Subsection (7), insure any person included in Subsection (1)(a)(iii) against

---

**2.** We likewise reject DeHerrera's argument that the provision should be read to mean that the amount of the limit—$50,000—stays the same, but that it is applied cumulatively for each insured. *See Murbach v. Noel,* 343 Ill.App.3d 644, 278 Ill.Dec. 426, 798 N.E.2d 810, 812 (2003) ("Although plaintiff argues that requiring an insurer to make multiple payments of the policy limits is somehow different from *increasing* the limits, we are unable to perceive any meaningful distinction. If State Farm is liable for $200,000 on account of injuries to a single person, then its

stated $100,000 limit of liability obviously has been increased.").

**3.** After *Haislip v. Southern Heritage Insurance Co.,* 254 Va. 265, 492 S.E.2d 135, 137 (1997), was issued, the Virginia Legislature amended its omnibus statute to expressly permit an insurer to set liability limits per occurrence regardless of the number of insured persons. *See Johnson v. Windsor Ins. Co.,* 268 Va. 196, 597 S.E.2d 31, 34 (2004).

loss from liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles within the United States and Canada, *subject to limits exclusive of interest and costs, for each motor vehicle,* in amounts not less than the minimum limits specified under Section 31A–22–304. . . .

*Id.* (emphasis added). DeHerrera argues that section 303 requires separate policy limits be paid for each negligent insured involved in a single accident. Again, we disagree.

¶ 12 DeHerrera is correct that section 303 mandates that providers of automobile liability insurance insure permissive users of the insured automobiles and that the Utah Supreme Court has interpreted that requirement to include both permissive drivers and permissive passengers. *See Speros v. Fricke,* 2004 UT 69, ¶ 40, 98 P.3d 28 (holding that passenger with permission to ride in insured vehicle is covered by automobile insurance policy as "permissive user"). We reject, however, DeHerrera's assertion that Utah Code section 31A–22–303 requires the insurer to provide separate bodily injury limits for each of these insured persons notwithstanding the fact that only a single person is injured in the accident. Section 303 expressly and unambiguously states that the obligation to insure is "subject to limits . . . for each motor vehicle." Utah Code Ann. § 31A–22–303(1)(a)(ii)(A). "When interpreting statutory language, we look first to the plain meaning of the statute." *State v. Candelario,* 909 P.2d 277, 278 (Utah Ct.App.1995) (citing *State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993)). We likewise "assume 'the [l]egislature used each term advisedly, and we give effect to each term according to its ordinary and accepted meaning.'" *State v. Masciantonio,* 850 P.2d 492, 493–94 (Utah Ct.App.1993) (quoting *Versluis v. Guaranty Nat'l Cos.,* 842 P.2d 865, 867 (Utah 1992)). When adopting the omnibus provisions, the Utah Legislature expressly subjected the obligation to insure to the limits of liability for "each motor vehicle." Utah Code Ann. § 31A–22–303(1)(a)(ii)(A). If the legislature had intended the omnibus obligation to require separate limits for each insured, as opposed to each motor vehicle, it could easily

have said so. *See Associated Gen. Contractors v. Board of Oil, Gas & Mining,* 2001 UT 112, ¶ 30, 38 P.3d 291 (refusing to "'infer substantive terms into [legislative] text that are not already there'" (quoting *Berrett v. Purser & Edwards,* 876 P.2d 367, 370 (Utah 1994))).

¶ 13 This analysis is consistent with the Utah Supreme Court's recent distinction between owner and operator coverage under the Utah omnibus insurance statute. In *Calhoun v. State Farm Mutual Automobile Insurance Co.,* 2004 UT 56, 96 P.3d 916, the court explained that "the legislature intended for an owner's policy to provide coverage with respect to a particular vehicle, and for an operator's policy to provide coverage for a particular individual." *Id.* at ¶ 20. There is no dispute that the State Farm policy at issue is an owner's policy. Thus, the State Farm policy does not violate public policy by failing to extend separate liability limits to each negligent insured.

### B. *The Minimum Coverage Statute*

¶ 14 Finally, DeHerrera argues that the policy, as interpreted by the trial court, violates Utah Code section 31A–22–304. *See* Utah Code Ann. § 31A–22–304. According to DeHerrera, the State Farm policy fails to meet the minimum statutory coverage requirement of $25,000 because $50,000 divided among the three insured persons involved in this accident—$16,666.66—falls below that limit. *See id.* For reasons similar to those discussed in connection with the omnibus statute, we disagree.

¶ 15 The Utah Legislature has adopted minimum coverage requirements for motor vehicle insurance, which state:

Policies containing motor vehicle liability coverage may not limit the insurer's liability under that coverage below the following:

(1)(a) $25,000 because of liability for bodily injury to or death of one person, *arising out of the use of a motor vehicle in any one accident* . . . .

*Id.* (emphasis added). As with section 303, the plain language of section 304 ties the minimum coverage requirement for bodily injury or death of a single person to the

motor vehicle, not to the number of insured persons. *See also id.* § 31A–22–303(1)(a)(ii)(A) (making obligation to insure permissive users "subject to limits exclusive of interest and costs, *for each motor vehicle*, in amounts not less than the minimum limits specified under [s]ection 31A–22–304" (emphasis added)); *Calhoun*, 2004 UT 56 at ¶ 20, 96 P.3d 916 ("[T]he legislature intended for an owner's policy to provide coverage with respect to a particular vehicle, and for an operator's policy to provide coverage for a particular individual.").

¶ 16 Contrary to DeHerrera's argument, we see nothing in section 31A–22–304 that would require State Farm to provide a minimum of $25,000 for each insured person for bodily injury suffered by one person involved in a single accident arising out of the use of a single motor vehicle. Thus, both the language of sections 303 and 304, *see* Utah Code Ann. §§ 31A–22–303, –304, and the guidance from the Utah Supreme Court support the application of the minimum limits to each insured vehicle, not each insured person.

## CONCLUSION

¶ 17 The trial court correctly granted summary judgment in favor of State Farm. The policy clearly and unambiguously provides a total of $50,000 in coverage for bodily injury to a single person, regardless of the number of insured persons involved in the accident. Both the omnibus statute and the statutory minimum coverage limits provide coverage requirements for an owner's policy that are applicable to the insured motor vehicle and not to the number of insured persons.

¶ 18 Affirmed.

¶ 19 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and GREGORY K. ORME, Judge.