2006 UT App 494

Kristi PACE, individually, and for and on behalf of the Estate of William Matthew Pace and all heirs of the estate, Plaintiff and Appellant,

v.

ST. GEORGE CITY POLICE DEPART-MENT, St. George City, and John Does 1–10, Defendants and Appellees.

No. 20060256–CA.

Court of Appeals of Utah.

Dec. 14, 2006.

Matthew T. Graff and Mark H. Graff, Matthew T. Graff & Assoc., St. George, for Appellant.

Michael W. Homer and Jesse C. Trentadue, Suitter Axland, Salt Lake City, and Shawn M. Guzman, St. George, for Appellees.

Before GREENWOOD, Associate P.J., BILLINGS and ORME, JJ.

OPINION

BILLINGS, Judge:

¶ 1 Plaintiff Kristi Pace appeals the trial court's dismissal of her complaint against Defendants St. George City Police Department (the Police) and St. George City. In dismissing Plaintiff's complaint, the trial court determined that because Plaintiff failed to strictly comply with the notice of claim service requirements of the Governmental Immunity Act of Utah (the Immunity Act), *see* Utah Code Ann. § 63–30d–401(2)–(3) (2004), the trial court lacked subject matter jurisdiction over Plaintiff's claim. The trial court further determined that even if the court had jurisdiction, dismissal was nonetheless appropriate because under the Immunity Act, Defendants were immune from liability. *See id.* § 63–30d–301(5)(j) (Supp.2006).[1] Giv-

---

1. In July 2004, the Utah Legislature repealed the Governmental Immunity Act, *see* Utah Code Ann. §§ 63–30–1 to –38 (1997 & Supp.2003) (repealed), and replaced the act with the Immunity Act, *see id.* §§ 63–30d–101 to –904 (2004). Although this repeal occurred several months after the alleged injury in this case, the statutory sections at issue here are identical under both the Utah Governmental Immunity Act and the Immunity Act. *Compare id.* § 63–30–10(10) (repealed), *with id.* § 63–30d–301(5)(j). As a con-

en our trepidation regarding the jurisdictional determination, we choose to affirm on the merits. Thus, for purposes of our analysis, we assume but do not decide that the trial court had subject matter jurisdiction.

## BACKGROUND

¶ 2 On March 13, 2004, the Police arrested Plaintiff's husband, William Matthew Pace (Mr. Pace), now deceased, for theft. At the time of arrest, the Police searched Mr. Pace but failed to discover a 9mm pistol that Mr. Pace had placed beneath a prosthetic back brace he was wearing. After his arrest, and while in custody at the police department, Mr. Pace asked to use the restroom. The Police granted Mr. Pace permission, escorted him to the restroom, and removed his restraints. In the restroom, Mr. Pace removed the gun from beneath his back brace and fatally shot himself.

¶ 3 Following Mr. Pace's death, Plaintiff served a notice of claim and a subsequent complaint upon Defendants, arguing that the Police were negligent in failing to properly search and secure the safety of Mr. Pace. On July 11, 2005, Defendants moved to dismiss Plaintiff's complaint on grounds that Defendants were immune from any alleged liability because any purported injury "ar[ose] out of, in connection with, or result[ed] from" Mr. Pace's incarceration. *Id.* The trial court granted Defendants' motion to dismiss. Plaintiff appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 4 Plaintiff argues the trial court improperly granted Defendants' motion to dismiss because Defendants waived their governmental immunity under the Immunity Act. Specifically, Plaintiff contends that Defendants waived their immunity because Mr. Pace's suicide was not connected with and did not arise out of or result from his incarceration. *See id.* "[T]he trial court's [grant] of [Defendants'] motion to dismiss the case against [them] on grounds of governmental immunity[ ] is [an issue] of law, which we review for correctness without deference to the trial court's ruling." *Petersen v. Board*

venience to the reader, we cite to the Immunity

*of Educ. of Davis County Sch. Dist.,* 855 P.2d 241, 242 (Utah 1993) (per curiam).

## ANALYSIS

¶ 5 Plaintiff claims that the trial court erroneously granted Defendants' motion to dismiss because Defendants waived their governmental immunity under the Immunity Act when their search of Mr. Pace failed to reveal a gun that he subsequently used to take his own life. Generally, under the Immunity Act, "governmental entit[ies] and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function." Utah Code Ann. § 63–30d–201 (2004). This immunity, however, is waived when an injury is "proximately caused by a negligent act or omission of an employee committed within the scope of employment." *Id.* § 63–30d–301(4). Government immunity is not, however, waived "if the injury arises out of, in connection with, or results from ... the incarceration of any person in any state prison, county or city jail, or other place of legal confinement." *Id.* § 63–30d–301(5)(j).

■ ¶ 6 On appeal, Plaintiff argues that Mr. Pace was never incarcerated and, thus, the incarceration waiver exception is inapplicable. *See id.* When interpreting statutory language, this court has consistently looked "first to the plain meaning of the statute." *State Farm Mut. Auto. Ins. Co. v. DeHerrera,* 2006 UT App 388, ¶ 12, 561 Utah Adv. Rep. 16, 145 P.3d 1172 (quotations and citation omitted). Moreover, the court assumes "the legislature used each term advisedly, and ... give[s] effect to each term according to its ordinary and accepted meaning." *Id.* (quotations and citations omitted). Although the Immunity Act does not define incarceration, the ordinary and accepted meaning of "incarcerate" is "[t]o imprison" or "[t]o confine." *The American Heritage Dictionary* 430 (4th ed.2001). "Confinement" is generally understood as "[t]he act of imprisoning or restraining someone." *Black's Law Dictionary* 127 (2d pocket ed.2001). Moreover, the Utah Supreme Court has interpreted incarceration to mean being "under the control of

Act.

the State," *Madsen v. State,* 583 P.2d 92, 93 (Utah 1978), or that a person "cannot be released without some kind of permission," *Emery v. State,* 26 Utah 2d 1, 483 P.2d 1296, 1297 (1971).

¶7 Here, the record undisputedly shows that at the time Mr. Pace killed himself, he was under police control, *see Madsen,* 583 P.2d at 93, and could not "be released without some kind of permission," *Emery,* 483 P.2d at 1297. Specifically, at the time he died, Mr. Pace was under arrest and in police custody, the Police had escorted him to the Police restroom, and the Police removed his restraints only for the purpose of his using the restroom. Thus, we conclude that Mr. Pace's death occurred "in connection with" his incarceration in a "place of legal confinement," Utah Code Ann. § 63–30d–301(5)(j), and Defendants were immune from liability.

## CONCLUSION

¶8 Because we determine that Mr. Pace's suicide occurred in connection with his incarceration, as the term is used in the Immunity Act, we conclude that Defendants were immune from suit. Therefore, we affirm the trial court's grant of Defendants' motion to dismiss.

¶9 WE CONCUR: Pamela T. GREENWOOD, Associate Presiding Judge, and Gregory K. ORME, Judge.